### BEQUESTS TO CHILDREN OF DIFFERENT FAMILIES.

Circuit Court of Summit County.

SYLVESTOR FALOR ET AL V. LEWIS D. SLUSSER ET AL.

Decided, October 12, 1910.

*Will—Construction of.*

Under a bequest of "the balance" of testator's estate to be "divided among the children living of Isaac and Jacob Falor, and Alice and Henry Reaves, of Swan, Iowa, share and share alike, providing they are living at my death," Alice and Henry Reaves share and share alike with the children living of Isaac and Jacob Falor.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error, brought here upon a record exhibiting only the pleadings in the case below, no evidence having been introduced there, challenges the correctness of the common pleas court's construction of the twentieth item of the will of Lydia Scanes Jackson, deceased.   This item reads:

"The balance, if any, after paying all the above bequests and all my just debts and the expenses of settling up my estate, and all other just debts, shall be divided among the children living of Isaac and Jacob Falor, and Alice and Henry Reaves, of Swan, Iowa, share and share alike. Providing they are living at my death."

The question submitted by the petition of the administrator *de bonis non* with the will annexed is "whether Alice and Henry Reaves are to share and share alike with the children living of Isaac and Jacob Falor, or whether the children of Alice and Henry Reaves living at the time of testatrix's death are to share and share alike with the children living of Isaac and Jacob Falor."

The court below embraced the latter alternative; but we hold that the former alternative is the correct construction.

We come to this conclusion because of the comma after the word "Falor" and because of the concluding proviso, which repeats the word "living." The natural meaning of the language excludes the children of Alice and Henry Reaves.

Judgment reversed because contrary to law and final judgment is here rendered according to the view here expressed.

The administrator is allowed $25 for his attorney's fee in this court, in addition to the amount ordered below.