Zimmerman, J.
 

 It is the contention of plaintiffs that the expression “in the event of the death of either without issue,” as used by Anna C. Minch in the part of her will in controversy, must be taken in its natural and ordinary meaning, as referring to the time of the death of the particular beneficiary.
 

 Conversely, the defendants insist that the gift became absolute upon the decease of the testatrix and that the quoted language refers only to the death of the particular beneficiary without issue prior to the demise of Anna C. Minch.
 

 While in a number of jurisdictions the words “die without issue” have ordinarily been held to contemplate death within the lifetime of the testator (12 Words & Phrases [Perm. Ed.], 411; 28 Ruling Case Law, 259, Section 231), the well-settled rule in Ohio is that “where there is a devise or bequest to one
 
 *309
 
 coupled with the provision that if he die without issue-such property shall go to another, the words ‘die without issue’ are to be interpreted as referring to the-time of the death of the first taker, unless a contrary intention and purpose of the testator is clearly manifested.”
 
 Briggs
 
 v.
 
 Hopkins et al., Exrs.,
 
 103 Ohio St., 321, 132 N. E., 843, citing
 
 Parish’s Heirs
 
 v.
 
 Ferris,
 
 6 Ohio St., 563, and other cases. And see,
 
 Ohio National Bank, Gdn.,
 
 v.
 
 Harris,
 
 126 Ohio St., 360, 185 N. E., 532;. 41 Ohio Jurisprudence, 690, Section 575.
 

 Is a contrary intention and purpose on the part of the testatrix, Anna C. Minch, clearly manifested here? The language of the will itself is plain. If Mrs. Minch had intended the expression “death * * * without issue” to mean the death of a grandchild without issue-before her death, she could easily have employed language to convey that meaning. It was not so stated, and the words used must be read in conformity with the Ohio rule in the absence of some compelling consideration requiring a different interpretation.
 

 - Over the plaintiffs’ objections, testimony was admitted tending to show that during a period of thirty years all of the grandchildren treated the property received from their grandmother’s estate as belonging-exclusively to them; that before the execution of the will a plan for distributing the estate with absolute equality had been evolved, recognized thereafter by everyone concerned; that Anna C. Minch while alive was liberal toward her grandchildren and made unrestricted gifts to them on various occasions; and that her relationship with her son-in-law, William Dreher, was always cordial.
 

 We assume this testimony was received as an aid in ascertaining what Anna C. Minch really intended in drawing her will. However, the intention of a testator is to be discovered primarily from what he has actually said. To allow the natural import of unambiguous words to be varied or contradicted, or omis
 
 *310
 
 sions supplied, by parol evidence, is not permitted.
 
 Lessee of Worman
 
 v.
 
 Teagarden,
 
 2 Ohio St., 380, 382. And “where a gift is made in language which, by accepted legal construction, gives a certain estate or interest, parol evidence is not admissible to show that the testator intended to pass a different interest.” 4 Page on Wills (Lifetime Ed.), 642, Section 1621.
 

 Moreover, “where the language of the will has a definite meaning, as interpreted by the rules of construction, and applies, without ambiguity, to the beneficiary and property in existence, extrinsic evidence is not admissible to attempt to show that it does not express the testator’s true intent.” 4 Page on Wills (Lifetime Ed.), 674, Section 1627. See, also,
 
 Townsend’s Exrs.
 
 v.
 
 Townsend,
 
 25 Ohio St., 477;
 
 Foster
 
 v.
 
 Clifford, Exr.,
 
 87 Ohio St., 294, 306, 101 N. E., 269, 271;
 
 Sommers
 
 v.
 
 Doersam,
 
 115 Ohio St., 139, 152 N. E., 387.
 

 Despite the practical difficulties and complications which may result, we are of the opinion that the judgments of the lower courts were erroneous on the merits of the case. We are further of the opinion that the plaintiffs had the right to maintain this action and that the procedural questions raised by the defendants were correctly disposed of below.
 

 The judgment of the Court of Appeals is therefore reversed and the cause remanded to the Court of Common Pleas for further proceedings under the prayer of the petition.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents.
 

 Bettman, J., not participating.