THE PROVIDENT SAVINGS BANK & TRUST CO., TRUSTEE, APPELLEE AND APPELLANT, *v.* NASH ET AL., APPELLANTS AND APPELLEES. (Two cases.)

(Nos. 6492 and 6493—Decided April 16, 1945.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly* and *Messrs. Clark & Robinson,* for appellee and appellant.
*Messrs. Waite, Schindel & Bayless* for appellants and appellees.

Ross, J. These cases involve two appeals from a single decree of the Court of Common Pleas of Hamilton county. The latter appeal is upon questions of law and fact, and, being such, requires a complete consideration of the entire case by this court, rendering,

494

therefore, unnecessary consideration of the appeal upon questions of law presented by the first case.

The appellant, The Provident Savings Bank & Trust Company, Trustee, in the appeal upon questions of law and fact is the plaintiff in the action. Suit was filed by such trustee to quiet the title to certain real estate acquired by it, and for injunction.

The defendants and cross-petitioners in the action are the children of a testatrix and the husbands of such children, the will of such testatrix being a necessary link in the chain of title of the plaintiff.

The trial court in its final decree sustained the claim of these four children as intestate inheritors from their mother, the testatrix, decreeing that they were tenants in common with the plaintiff and ordered partition of the property involved in this litigation.

There are many facts disclosed by the record which will not be included in a statement in this opinion, for the reason that the determining factor renders such facts irrelevant to the premises upon which the final conclusion herein is based. Only such facts, therefore, as are pertinent to such premises will be herein stated.

The plaintiff, through purchase, acquired the fee of the real estate involved. Outstanding against this fee was a perpetual leasehold which ultimately became the property of the testatrix.

On February 6, 1905, Clara W. Dorger executed a valid will, which was, after her death on September 30, 1924, admitted to probate on October 4, 1924. At the time the testatrix executed such will, she and her husband had then living three children. After the execution of such will, four other children were born to the testatrix and her husband, Frank J. Dorger. These four daughters, with their husbands, are the cross-petitioners herein.

By the terms of this will, the husband of the testatrix became sole devisee of the leasehold involved.

The will, however, contains the following items:

"Item 3rd. In the event of the death of my said husband before me, then and in that case, I give and bequeath all of my estate to my brother, Alphonse S. Wetterer, in trust, nevertheless, for the use and benefit of my children, and request that no bond be required of him as such trustee, hereby giving my said trustee full power to manage, control, exchange, lease or incumber any or all of my said estate, whether real or personal, to sell the same, either at public or private sale, as in his judgment may seem best, without applying to any court for authority so to do, the income of my said estate to be used for the purpose of maintaining, supporting and educating my said children until the youngest shall become 25 years of age, when a distribution shall be made between my said children, share and share alike, and said trust shall then cease and determine.

"Item 4th. In the event of the death of said trustee before the youngest of my said children shall arrive at the age of 25 years then and in that case, I appoint my brother, Ferdinand J. Wetterer, as trustee without bond, giving and granting unto him the same power and authority heretofore given my brother Alphonse S. Wetterer as trustee."

It is the claim of the cross-petitioners that as to the four daughters born after the execution of the will there was a pretermission, and that the provisions of Section 10563, General Code, as then in force, apply so as to give such after-born children an intestate share in the estate of their mother, the testatrix, Clara W. Dorger.

Section 10563, General Code, as in force September 30, 1924, the date of the death of testatrix, contained the following provisions:

"When, at the time of executing his will, a testator

has a child absent and reported to be dead, or having a child at the time of executing the will, afterward has a child who is not provided for therein, the absent child, or child born after executing the will, shall take the same share of the estate, real and personal, that he would have been entitled to if the testator had died intestate.''

Frank J. Dorger survived his wife, and all of the alleged pretermitted children were also living at her death. He took title to the perpetual leasehold devised to him. He later was adjudicated a bankrupt and such leasehold sold as a part of his assets at the bankrupt sale. The title to the leasehold was purchased by the plaintiff at such sale.

Some question as to the validity of the cross-petitioners' claims having been raised by an abstracter of title, an action to quiet title and for injunction was instituted by the plaintiff.

The alleged pretermitted children set up their claims and prayed for partition as tenants in common with plaintiff. As stated before, the trial court found them to be pretermitted children and entitled to intestate shares in their mother's estate, and ordered partition.

The plaintiff, in reply to the claims of the cross-petitioners, advances a number of defenses.

While the conclusion herein reached is based upon a finding against the claim of pretermission, it may be stated that an examination of the evidence requires a conclusion adverse to the plaintiff upon all such defenses, with the exception of that upon which the conclusion herein reached is based.

It must be admitted that the plaintiff seems to place little reliance upon the premise which requires that conclusion. This appears to be caused by a misconception of what little authority there is in existence

construing the section of the Code, in force at the time of the death of Clara W. Dorger, in the light of the pertinent facts existing in this matter.

Before proceeding to a review of what authority is to be found, it is proper to clear away certain considerations which are entirely foreign to the matter here considered. In doing so, many decisions of courts, both in this state and elsewhere, will be seen to be wholly irrelevant to the issues here presented.

In the first place, at the time the testatrix executed her will, she *had* three children living. The provisions of Section 10561, General Code, therefore, have no application, since that statute refers only to a situation where at the time of making the will the testatrix ''had no children at the time of executing'' the will. As will be shown later, the decision in *Rhodes* v. *Weldy,* 46 Ohio St., 234, 20 N. E., 461, therefore, construing that section under circumstances therein has no decisive effect.

Nor is this a case where the testatrix specifically attempted to disinherit an after-born child, as was the case in *German Mutual Ins. Co.* v. *Lushey,* 66 Ohio St., 233, 64 N. E., 120.

Again, it is not a case where the testatrix attempted to provide for her after-born children indirectly by any statements leaving their interests to the discretion of her spouse.

Nor have we here a situation involving a posthumous child, one born after the death of a testator, or a case where no mention of any children is made in the will as was the case in *Krueger* v. *Krueger, Gdn.,* 111 Ohio St., 369, 145 N. E., 753, or a case where any living child is specifically mentioned by name in the will.

On the contrary, it is a case where the testatrix made contingent provision for all her *children,* alive at the time of making the will and including in the class for

whom contingent provision is made those born thereafter. She made provision for *all* her children when she provided that, in the event her husband predeceases her, the income of her estate "is to be used for the purpose of maintaining, supporting and educating my said children," she having previously stated that she places her estate in trust "for the use and benefit of my children."

It is presumed that the testatrix knew the applicable provisions of the law and there is not the slightest suggestion anywhere in the will or the evidence submitted that the testatrix intended that the afterborn children should not be included in her provision for "my children."

It is generally conceded that a will speaks as of the death of the testator. *Ohio Nat'l Bank of Columbus, Trustee* v. *Boone,* 139 Ohio St., 361, 365, 40 N. E. (2d), 149, 144 A. L. R., 1150; *Judy* v. *Trollinger,* 110 Ohio St., 576, 583, 144 N. E., 44.

It is also well settled that in the absence of clear and unambiguous indications of a contrary intention disclosed in a will, the members of a class described in a will are to be ascertained at the death of the testator. 127 A. L. R., 604.

Nor is such rule affected by the fact that the class takes a contingent estate. *Id.,* 616.

The contingency mentioned in the will under which the children of the testatrix would take would be coincidental with her death also, as far, at least, as affecting the passing of title to the children was concerned, for that contingency was the predecease of the husband of the testatrix. So even those cases holding that the event of the contingency is the time of determination in no way limit the principal rule. See, also, 49 A. L. R., 174; *Wilberding, Admr.,* v. *Miller,* 90 Ohio St., 28, 106 N. E., 665; 41 Ohio Jurisprudence, 700.

By leaving a contingent estate to "my children," the testatrix provided equally for the maintenance, support, and education of all of her children living at her death, including her cross-petitioning children, who were not, therefore, pretermitted.

"To pretermit is to pass by, to omit, to disregard. If the intention to exclude appears upon the face of the will, the child has not been omitted or passed by. If the child has been provided for by the will, the value of the provision is not the subject of inquiry by the court, for, however inadequate the provision may be, it would yet be true that the child was not pretermitted, had not been omitted, passed by, or disregarded. The words 'omits to provide' mean simply an omission to make a provision in the will, and have no reference to the pecuniary value of the provision, and, by the weight of authority, under a statute whose purpose is not to constrain but only to supplement a testator's intention, the provision required to prevent intestacy as to an after-born child need not be of a quality or value to satisfy the court's sense of justice. However, it has been held that the mere bequest of keepsakes of a personal nature and of little or no extrinsic value does not, as a matter of law, take the heir out of the class provided for by the statute. Where a statute provided for certain heirs 'not having a legacy given them,' it was held that though the amount of the legacy was obscurely expressed, it was sufficient as showing that they had not been forgotten; but construing two sections of a statute together, it was held that an after-born child was not 'provided for in the will,' and that no provision had been 'made for such child by some settlement,' where the whole estate was left to the wife and after her death a remainder to her children, and it seems that by the weight of opinion, though there is authority to the contrary, a general devise of a reversionary interest to the heirs of the testator

is not a provision for an after-born child.'' 9 Ruling Case Law, 42.

The reference in the text to an authority construing two sections together is *Rhodes* v. *Weldy, supra,* and requires a consideration of the applicability of that case to the present problem. In the first place, it is to be noted that in that case, the testator had no children living at the time of making the will and that Section 10563, General Code (Section 5961, Revised Statutes), the section involved in the instant litigation, has no application to the facts in the *Rhodes case,* and this was specifically stated in *German Mutual Ins. Co.* v. *Lushey, supra,* at page 240 of the opinion, where no comment was made by the Supreme Court upon the *Rhodes case,* although it was cited to the court as an authority.

''But Section 5959 does not cover a case where there is a child *living* at the time the will is executed, but provides for a very different situation. These two sections are independent but not inconsistent provisions. Each covers a case not covered by the other. Both have been in force as far back as 1840, at least. One of them much longer than that.'' *German Mutual Ins. Co.* v. *Lushey, supra,* at p. 240.

In the *Rhodes case*, the court was solely concerned with the construction and application of Section 10561, General Code (Section 5959, Revised Statutes), a section radically different in many respects from Section 10563, General Code (Section 5961, Revised Statutes). It will be noted in the former section in addition to the difference noted that the first section provides for revocation of the will upon pretermission. The latter section does not. Again, the former section requires provision by some settlement. No such requirement appears in the latter section, which merely requires that the after-born child shall in the will be ''provided for

therein." The former section permits disinheritance; the latter, as then in force, did not. Evidence tending to rebut the inference of revocation is prohibited in the former section, and no such inhibition appears in the latter section.

The *Rhodes case,* therefore, is an authority only for the contention that a contingent provision does not comply with the requirement of Section 10561, it being stated therein that the will is revoked "unless provision has been made for such child *by some settlement."* (Italics added.) An interesting comment upon that case is to be found in *McMillan* v. *McMillan,* 12 N. P. (N. S.), 593. In that case Judge Kyle of the Common Pleas Court of Greene county painstakingly reviews the authorities relied upon in the *Rhodes case* for the conclusion that a contingent provision is no provision.

A reading of this comment and the later authorities from the same states as those relied upon in the *Rhodes case* is convincing that that rule has little foundation in substantial authority and that a contingent provision is sufficient provision even under a statute as drastic as Section 10561. Of course, it is to be noted again that Section 10563 fails to require anything other than mere "provision."

In *In Re Donges's Estate,* 103 Wis., 497, 512, 79 N. W., 786, the court points out as follows that Ohio stands alone in requiring other than some provision:

"An analysis of all the authorities cited to us, or which have come under our notice, leaves without support the contention that, under a statute like ours, whose purpose is, not to constrain but only to supplement a testator's intention, the provision required to prevent intestacy as to an after-born child must be of a quality or value to satisfy a court's sense of justice, except in Ohio, and that support is ambiguous at the best. On the other hand, the courts of Michigan,

Illinois, and Massachusetts clearly, and Missouri, Kentucky, and California apparently, sustain the other rule that any provision, intended as such, however slight, will be respected and enforced as the complete will of the testator. That view also is in accord with the tendency of our own decisions as to the provision which will be effective to cut off a widow's dower, and we think is supported by the better reason. We accordingly hold that the devise made by this will of a remainder in the real estate to the respondents upon the majority of the youngest constitutes a 'provision' for them, within the terms of Sec. 2286, and that the estate should be assigned and distributed according to the terms of the will, subject to such modification as results from the widow's election to take by law, and not under the will.''

The case of *German Mutual Ins. Co.* v. *Lushey, supra,* although construing and applying Section 10563, General Code, has also no dispositive effect upon the problem presented in the instant litigation. In that case, although the testator had a child living at the time of the execution of the will and a child was born thereafter, the question presented was whether disinheritance of such child could be considered provision therefor, and it was held that it could not be so considered in view of the language of the statute which fails to include a disinheriting provision, as found in the first section. The *Lushey case* is authority only for the principle that ''where a testatrix, having a child living, devises all her estate to a third person (in this case her husband), without making provision in her will for an after-born child, such after-born child, if it survive the testatrix, by virtue of the provisions of Sec. 5961, Rev. Stat., will inherit from the mother as her heir at law, as if she died intestate, notwithstanding, that by clear and explicit language in the will, such testatrix undertakes to disinherit such after-born child.''

Nor is the case of *Krueger* v. *Krueger, Gdn., supra,* helpful, for in that case the estate was left to the surviving spouse, with *no* mention or provision for any child born before or after making the will. The question presented is stated as follows on page 370 of the opinion:

"The question for determination is whether, subsequently to the making and execution of a will by a parent who has children living, in which will there is no specific provision for an after-born child, the latter may maintain an action in partition for its undivided interest in the real property of the testator, or whether such child is required to take its portion of the estate in money or the equivalent."

It may be stated without fear of contradiction that no Ohio case controlling upon this court holds that the circumstances found in the instant case present a case of pretermission. What authority there is elsewhere disclosed after an exhaustive search requires the conclusion that by devising a contingent remainder to "my children" the testatrix, Clara W. Dorger, included provision for *all* her children, whether born before or after making her will and who were living at her death.

The case of *Industrial Trust Co., Admr.,* v. *McLaughlin,* 44 R. I., 350, 117 A., 428, is most nearly in point. The terms of the will and the necessary facts appear in the following quotation at pages 352 and 353 of the opinion:

"After a certain legacy and certain devises, the testator provided by his will that one third of all the rest, residue and remainder of his estate should go to his wife 'and the remaining two thirds to my children, the children's share, however, to be held in trust.' Before us the parties have discussed as to whether Helen shares in this gift to the testator's children or whether

as to Helen the testator should be held to have died intestate in accordance with the provisions of Section 22, Chapter 254, General Laws, 1909, which is as follows: 'When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake.'

"The complainant avers in the bill that 'no provision for said minor daughter Helen was made by said will or by codicil thereto.' The language of the gift of two-thirds of the residue of the estate is not to the testator's children designated by name, nor does the testator in any other manner restrict the gift to his children alive at the time of making the will. Ordinarily such a gift as one 'to my children,' without more, is construed as a gift to a class in the absence of an intention to be gathered from the will that it is one to individuals. The fact that at the time this will was made Helen was as yet unborn is not a circumstance which alone would indicate an intention to restrict the right to share in the residue to the testator's three children then alive. A will speaks and takes effect as if executed immediately before the death of the testator. That is the general rule recognized in our cases. *Coggeshall* v. *Home for Children,* 18 R. I., 696; *Hazard* v. *Gushee,* 35 R. I., 438; *R. I. Hospital Co.* v. *R. I. Homeopathic Hospital,* 87 Atl., 177. Our statute also provides in Section 6, Chapter 254, General Laws, 1909, that every will shall be construed with reference to the real and personal estate comprised in it to take effect from the death of the testator unless a contrary intention appears in the will. The gift to the testator's children of a share in the residue of his estate, being immediately operative upon his death, the members of

the class who come within the designation of 'my children' are to be ascertained at that time, and the class includes all of the four children of the testator who survived him.''

To much the same effect is *Osborn* v. *Jefferson National Bank of Steubenville,* 116 Ill., 130, 4 N. E., 791, in which the following paragraphs of the syllabus appear:

''1. Will—*subsequent birth of child—effect thereof on the provisions in the will.* Section 10 of the act in relation to descents, in which the rights of a child born to a testator after he has made a will, are prescribed, applies only to children for whom no provision is made by· the will, and as to whom it does not appear by the will that they were intentionally disinherited.

''2. Same—*what will amount to making provision for an after-born child.* A married woman in 1873 made her will, by which she devised to her husband, and his heirs and assigns, all her estate, provided he should survive her, but in case he should not survive her, and she should die leaving children, then to her child or children, etc. In 1880 she died, leaving her husband surviving, and three children, all born after the date of the will: *Held,* that the testatrix, by the will, had made provision for her children, within the meaning of section 10 of the act relating to descents, although depending upon a contingency.''

It is not overlooked that that case is contrary to the case of *German Mutual Ins. Co.* v. *Lushey, supra,* in sustaining disinheritance. This does not destroy the value of the decision as a supporting authority for the conclusion that a contingent provision for the children of a testatrix is provision for all her children living at her death.

The case of *Weiland* v. *Muntz,* 2 C. C. (N. S.), 71, 15 C. D., 185, has some bearing upon the question.

However, in that case it will be noted that the testator *specifically mentioned living children* in his will, although an additional contingent remainder would include by class designation the unnamed after-born child. In the opinion it is stated at page 72:

"By his will the decedent devised one tract of land in Wood county, Ohio, to eight of his children, naming them, and devised this lot and part of a lot in controversy to five other of his children, naming them. This still left undisposed of a fifty-acre tract of land in Wood county, constituting the homestead, with respect to which his will contains a provision that his wife—who afterwards became his widow—should have an estate for life therein, and that the remainder should go to his children generally, without naming them. It is needless to repeat that the name of the after-born child did not appear in the will. The undevised thirty-nine acre tract was acquired by the testator after the execution of his will."

No sole general designation involved in the instant action is there found. The testator, more than once specifically designated shares in his estate to be taken by his children naming them, and it is apparent that the unborn child's interest in the homestead by reversion was accidental as far as the intention of the testator was concerned.

The case of *Ward* v. *Ward*, 120 Ill., 111, 11 N. E., 336, relied upon also by the court in the *Weiland case*, was one in which the children of the testator were *specifically mentioned* in his will, and the real question, as in the *Weiland case*, was what share in the estate the pretermitted child should take.

Recognizing that no two wills are alike, that the circumstances surrounding the creation and administration of testate estates are unlike, and that statutes of the several states providing for the rights of pre-

termitted children vary, we note the following cases as indicating the views of courts upon the general subject.

Reference is first made to 26 Corpus Juris Secundum, 1050, note 46; 43 L. R. A., 1195, 1201.

"1. In applying the statute (Decedent Estate Law, Section 26) which makes provision for a child born after the making of a last will, it is settled law that mention of after-born children as a class and in terms broad enough to include a specific child is, in this respect, a sufficient compliance with the statute, and further that this mention may be made in the form of a provision for them.

"2. A testatrix, having no children at the time of making her will, devised her real property to her husband for and during his life, and on his death to her issue surviving her said husband, and provided further that if there should be no issue of testatrix or descendants of such issue surviving her said husband at the time of his death, then and in that event the property should go to certain designated cousins. After the execution of said will two children were born to testatrix, a daughter and a son. She died leaving both the children her surviving but the son died, an infant, soon after his mother, intestate. The husband of testatrix died about two years later leaving him surviving the daughter by testatrix and a son by a second wife. After the death of the husband of testatrix, her said daughter died unmarried and intestate, leaving her surviving her half-brother, the son of her father by his second marriage. *Held,* that there was in the will of said testatrix no such failure to mention or provide for after-born children as entitled her infant son to inherit an interest in the real estate in question, as though no will had been made, and which by inheritance might pass to his surviving sister, and through her to her

half-brother.'' *McLean* v. *McLean*, 207 N. Y., 365, 101 N. E., 178.

''After-born child is mentioned within statute providing that after-born children who are neither mentioned nor provided for in will should share in estate, where testator makes some reference to a class in terms broad enough to include such after-born child, even though mention may be made in form of a provision of little or no practical value for such a class. (Decedent Estate Law, Section 26).'' *In Re Dooling's Will,* 285 N. Y. Supp., 603, paragraph four of the syllabus.

''A devises land to his son B. for term of his life, and 'that after his decease the premises should be equally divided among and between his sons, to be their property.'—When the will was made, B. had three sons living, after which, and before the testator's death, he had two other sons. This was held to be a vested remainder in the five sons of B.'' *Dingley* v. *Dingley,* 5 Mass., 535, syllabus.

''Devise of 'all the remainder of my estate, both real and personal, to my daughter S. A. and the children of her body, including all my wife has the improvement of during her life after her decease.' S. A. had three children when the will was made, and a fourth was born afterwards, all of whom survived the testator, and two more were born after his decease, which happened in 1781. *Held,* that S. A. and her four children living at the time of the testator's death, took an estate together in fee simple in the real property—in the part in which the widow had a life estate, a vested remainder which opened to let in the two afterborn children, and in the rest a qualified fee so limited as to admit their claims by way of executory devise; and that no right by survivorship having accrued before the passing of St. 1785, c. 62, Sec. 4, respecting joint-tenancies, the devisees from that time held as tenants

in common." *Annable* v. *Patch,* 20 Mass., 360, syllabus.

"A provision however inadequate, will exclude a child from the benefit of this act.

"Where there is a gift in a will to a class of persons, as to children, courts are always anxious to effectuate the intention of the testator, by including in it as many persons, answering the description, as possible.

"When legacies are given to children, payable or to be divided at some period subsequent to the testator's death, then those persons, whether born before or after the making of the will or before or after the death of the testator, who come into being before the period of division etc. and answer the description at that time, are entitled." *Meares* v. *Meares's Exrs.,* 26 N. C. (IV Iredell's), 192, syllabus.

"A will which directs that the estate shall be distributed among all of testator's children, and thus includes after-born children in its provisions, is not void as to children born after the execution of the will. It is only a will making no present provision for after-born children which the Act of April 8, 1833, Section 15, makes void as to such children." *Leyrer's Estate,* 17 Pa. County Ct. Reports, 132, syllabus.

In view of the circumstances here presented, there being no controlling Ohio authority to the contrary, it must be concluded that by the terms of the will of Clara W. Dorger *all* her children were provided for, and that Section 10563, General Code, is not applicable to give her cross-petitioning children an intestate share in the perpetual leasehold as a part of her estate.

Certainly, the Legislature did not intend by the enactment of Section 10563, General Code, to impose a penalty on children born before the execution of a will. It is manifest that the intention was merely to save after-born children from the results of pretermission.

If there is no pretermission, forgetfulness or oversight, then the statute has no application. The position of the cross-petitioners is to first create a pretermission, which does not exist, by refusing the plain inference of a general class designation, and then prefer the after-born children to the rights of those pre-born.

If the words used in the will are sufficient to include all children, both pre-born and after-born, why strain the simple language in order to secure such preferment. To do so is to write into the will additional words not therein found. The testatrix did not say in her will "my children now living." She did not name any of them. She lived for many years after executing the will and after the birth of the the cross-petitioning children. Can it be supposed that she did not believe and intend.that the language she had used, being all inclusive in its character, was sufficiently broad to cover such after-born children, and that it was not necessary for her to draw a new will in order to prevent a preference for one group by virtue of the law, which she most certainly would not desire. It must be remembered also in this connection that her husband was a lawyer and it may be justly inferred that he knew the effect of the language used and desired no such unequal and unjust preference to accrue to the after-born children.

Applying the recognized rules of construction to the will that the members of the class are determined as of the date of the death of the testatrix, the words used are as effective as if she had said "all my children living at the time of my death." The testatrix knew at all times until her death that her will spoke as of her death.

For these reasons, the prayer of the plaintiff will be granted, and that of the cross-petitioners denied.

A decree may be entered accordingly.

*Decree accordingly.*

Hildebrant, P. J., Matthews and Ross, JJ., concur in the syllabus, opinion and judgment.