It should be noted at the outset that we are in exactly the same *Page 438 
position in construing the will in question as was the trial court.
The question depends entirely upon the wording of the will as there was no evidence introduced aside from the will itself and the certificate to the transcript so shows.
The portions of the will requiring interpretation are the second, third and fourth paragraphs reading:
 "Second
"I hereby give and bequeath unto each of my heirs-at-law not elsewhere herein mentioned or provided for, the sum of One Dollar ($1.00).
 "Third
"I hereby give, bequeath and devise unto my children Viola Johnson, Phoebe Montier and James Benolken, all the rest, residue and remainder of my property and estate, both real and personal, or to such of my said children as shall survive me, they to share equally therein, share and share alike.
 "Fourth
"I intentionally omit any bequest or devise to my sons Leo Benolken and George Benolken."
The grandchildren contend that they are entitled to share in the estate as if decedent, Phoebe Benolken, died intestate by virtue of section 7009, R.C.M. 1935, reading:
"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child or the issue of such child, must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section."
Under this statute the omission to provide for children or issue of deceased children gives them the right to share in the estate as if the testator had died intestate, "unless it appears that such omission was intentional."
"* * * the thought to keep in mind is that the inquiry is whether `it appears' that the omission was `intentional'." In re Revard's Estate, 178 Okla. 524, 63 P.2d 973, 975.
The presumption obtains that the omission of those named in *Page 439 
the statute was unintentional. In re Newell's Estate, 78 Utah 463,5 P.2d 230; In re Parrott's Estate, 45 Nev. 318,203 P. 258. And the burden of proof is on the one claiming that the omission was intentional to so show. In re Dorey's estate,210 Minn. 136, 297 N.W. 561.
The affirmative showing required is that the omission was intentional before the grandchildren can be deprived of the benefits of section 7009. The majority opinion fails to give effect to the presumption, and erroneously, says that section 7009 can have no application unless it appears that the omission was unintentional.
To overthrow the presumption, the intention to omit must be "expressed therein or implied in language so strong as to render any other conclusion unreasonable." In re Parrott's Estate, supra [45 Nev. 318, 203 P. 261]; and see Roots v. Knox, 107 Or. 96,212 P. 469, 213 P. 1013.
Likewise the courts, contrary to the holding in the majority opinion herein, hold that a legatee receiving a nominal sum by the will is not provided for but that the same is equivalent to complete disinheritance. Grace v. Hildebrandt, 110 Okla. 181,237 P. 98; Wadsworth v. Brigham, 125 Or. 428, 259 P. 299,266 P. 875; Boman v. Boman, 9 Cir., 49 F. 329; In re Bauer's Estate, 5 Wn.2d 165, 105 P.2d 11, and note in 152 A.L.R. 732.
Of course if the person is specifically named as a legatee as in Re Estate of Callaghan, 119 Cal. 571, 51 P. 860, 39 L.R.A. 689, or comprehended in the bequest to "children" without naming them as in Provident Savings Bank Trust Co. v. Nash, 75 Ohio App. 493, 62 N.E.2d 736, relied upon in the majority opinion, then the size of the bequest is immaterial.
It is my opinion that the will discloses on its face that decedent did not regard grandchildren as her heirs and that she gave no thought to them. They were completely overlooked. She devoted a paragraph of the will to the matter of naming those whom she desired to exclude as beneficiaries of her estate. It is paragraph fourth reading: "I intentionally omit any bequest *Page 440 
or devise to my sons, Leo Benolken and George Benolken."
It seems clear to me that if testatrix intended to omit the two grandchildren she would have done so in this paragraph. She was in that paragraph dealing with that subject and that alone. Under the familiar rule expressio unius personae est exclusioalterius, the naming of one or more persons is the exclusion of others. If she intended to disinherit others it seems to me that she would have done so in the paragraph which she devoted to the purpose of naming those whom she intended and desired to disinherit. That she gave no thought to grandchildren is further evidenced by paragraph third of the will. That paragraph of the will bequeaths the residue of the estate (which is practically all of it), to two married daughters and a son, or to such of them as shall survive testatrix, they to share equally therein.
Had one of them died before the death of testatrix and left issue, the issue could not under this will, except for section 7009, take the part left to the parent because this will in that event gives the whole of the estate to the surviving children of testatrix named in paragraph "third" of the will. Section 7012 without the aid of section 7009 would not have allowed any issue of the three residuary legatees, whether born before or after the making of the will to receive the share of the parent in case the parent died before the death of testatrix. It would be a violent assumption to say that testatrix in this case showed an intention to disinherit grandchildren before they were born. Compare Hawkins v. McKee, 321 Ill. 198, 151 N.E. 577. I think this circumstance demonstrates that testatrix gave no thought at all to her grandchildren. She not only gave no thought to the two involved in this proceeding but also ignored the possibility of issue of the three residuary legatees then living or to be born after the making of the will and before the death of testatrix.
But it is contended paragraph second of the will shows an intention to omit the grandchildren. It provides: "I hereby give and bequeath unto each of my heirs-at-law not elsewhere herein mentioned or provided for, the sum of One Dollar ($1.00)."
The grandchildren as such were not mentioned in the will by *Page 441 
name. Since the amount given to each heir was the nominal sum of $1.00 they were not provided for in the will.
A case very similar to this is that of Boman v. Boman, supra [49 F. 330]. In that case the deceased left a will reading: "Item 1st. I give, bequeath, and devise to each of my heirs at law the sum of one dollar. Item 2nd. I give, bequeath, and devise all the rest, residue, and remainder of my estate and property of every kind, real, personal, and mixed, and choses in action, to my beloved wife, Mary E. Boman."
In addition to his wife he left two children, issue of a previous marriage.
The statute involved in that case provided: "If a person make his last will, and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will * * * every such testator, so far as he shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate * * *" Sec. 1325, Code Wash. 1881.
The court of appeals in holding that the presumption that the omission of the children was unintentional had not been overcome and after referring to the case of Allen v. Claybrook,58 Mo. 124, said: "That authority gives no color to the proposition that by use of the words `heirs at law' in Boman's will this court should hold that his children were in his mind at the time he made his will; that they are referred to and provided for, and were not overlooked or forgotten. His children were not designated as a class. No children were mentioned or specifically referred to. The words `heirs at law' may, it is true, be read to mean `children,' and should always be so construed if the context distinctly shows that the words were employed in that sense by the testator. The term `heirs at law,' however, in its general definition, includes many others. It is not limited to children. It may be used, and is often used, in cases where there are no children. It includes parents, brothers and sisters, etc. Who *Page 442 
can tell by reading this will what particular heirs were in the mind of the testator at the time he signed the will? Does it clearly appear that it was his intention to provide for his children? Is it manifest upon the face of the will that his children were not overlooked or forgotten? Certainly not."
The court continuing said: "The controlling question to be considered is not whether the children would be entitled to inherit and recover the amount bequeathed to the heirs at law, but whether or not it appears upon the face of the will that the children were in the testator's mind at the time he made the will. The terms of the will, in order to show the intent of the testator to remember his children, or to make provision for them, should, under the statute, be clear, specific, definite, and certain. The presumptions of the law are all in favor of the children. These presumptions, in order to disinherit them, or to cut them off with a shilling or other nominal sum, can only be overcome by the use of words plainly indicating that the testator had his children in his mind at the time he made his will."
Another case of similar import is that of In re Bauer's Estate, supra, where the typewritten will named the brothers and sisters of the testator and gave their residences. In longhand opposite these names the testator had written the following [5 Wn.2d 165, 105 P.2d 13]: "Ray W. Bauer to make what disposition he see fit with at least one dollar to each heir." The court followed the Boman case and held that the son of deceased was not included within the word "heir" as contained in the will and hence that he was not named or provided for in the will within the meaning of the statute.
Another case with similar features is that of In re Price's Estate, 56 Cal.App.2d 335, 132 P.2d 485, 486. In that case the will devised and bequeathed everything to two named sons of the testatrix. It then contained this clause: "I purposely refrain from leaving anything by this my last will and testament to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons *Page 443 
contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to wit: my said two sons above named." Two children of a deceased son claimed their right under a statute practically the same as our section 7009, except that the California statute there considered provided, "unless it appears from the will that such omission was intentional." But since we must determine that fact in this case from the will alone (there being no evidence dehors the will), that case is no different from this so far as the difference in the statute is concerned. The court concluded that the grandchildren were entitled to share in the estate as in the case of intestacy.
Another analogous case is that of Wadsworth v. Brigham, supra [125 Or. 428, 259 P. 303]. In that case the will contained this clause: "In the event that any person shall contest this will, or in the event that any person claiming to be a legal heir of mine shall legally establish such claim, I give and bequeath unto him or her the sum of $5.00 in cash, and revoke any other devise or bequest theretofore made to him or her, in the event any such has been made." In that case the will gave all the property to others than plaintiff. Plaintiff was found to be the legitimatized daughter of testator. The Supreme Court of Oregon, following the Boman case, supra, held that she was not provided for by the will and that the will did not disclose an intention to disinherit her, hence that she was entitled to the benefit of the statute similar to our section 7009, supra.
I think the second paragraph of the will does not show that the omission of the grandchildren was intentional.
Cases relied upon in the majority opinion which hold that "heirs at law" is sufficiently broad to include children and grandchildren, of which the following are typical: In re Hassell's Estate, 168 Cal. 287, 142 P. 838; In re Lindsay's Estate, 176 Cal. 238, 168 P. 113; In re Harper's Estate,168 Wn. 98, 10 P.2d 991, 15 P.2d 1119; In re Trickett's Estate, 197 Cal. 20, 239 P. 406, are distinguishable. In the first three cases cited the will showed that testator in using the phrase *Page 444 
"heirs at law" intended to apply it to a particular class, viz., his children, and it was children who were complaining and hence the court properly held that they were intentionally omitted. In the Trickett case the will expressly excluded heirs of the children of testator and hence it was clear that the testator had in mind his grandchildren.
The case of In re Allmaras' Estate, 24 Cal.App.2d 457,75 P.2d 557, 558, is relied on in the majority opinion but it differs from this in that there the will contained this exclusionary clause: "I have purposely made no provision herein for any other person, whether claiming to be an heir of mine or not, and if any person, whether a beneficiary under this will or not mentioned herein, shall contest this will or object to any of the provisions hereof, I give to such person so contesting or objecting, the sum of one dollar ($1.00) and no more, in lieu of the provision which I have made or which I might have made herein for such person so contesting or objecting." It was because of this comprehensive exclusionary clause that led the court to hold that the omission of those claiming the benefit of the statute was intentional.
A similar exclusionary clause was also involved in the Lindsay case, supra, and in the Estate of Minear, 180 Cal. 239,180 P. 535, relied upon in the majority opinion.
This case is much stronger in favor of the grandchildren than is the case of Boman v. Boman, supra, which the majority now hold is not authority in this state. In the Boman case there was no exclusionary clause such as paragraph fourth of this will and in all the other cases relied upon in the majority opinion where an exclusionary clause was involved the clause was sufficiently comprehensive to exclude those claiming to be entitled to the benefit of a statute like our section 7009.
I see no reason for drawing a different conclusion so far as this case is concerned because of any difference between the Massachusetts and the Missouri type of statute. Whatever brand we place on the statute, whether the Massachusetts or the Missouri brand, the fact still remains that unless it appears that *Page 445 
the omission of grandchildren was intentional, then they are entitled to the benefit of section 7009 by its express terms.
The will shows that testatrix and the scrivener who drafted the will, who I concede was careful and skillful as stated in the majority opinion, knew the requirements of section 7009. They knew that testatrix could not disinherit children or issue of a deceased child by the broadside bequest of $1.00 to each heir. Hence paragraph fourth was added to the will to meet the requirement that the omission of those intended to be disinherited be shown to be intentional. That intention was made plain as to the sons Leo and George and to my mind shows a clear intent that those were the only ones covered by section 7009 intended by testatrix to be disinherited.
In my opinion the court erred in entering the decree of distribution so far as it affects appellants. But it is asserted that to reach this conclusion the second paragraph of the will must be deleted. It is not a case of deleting, but one of construing paragraph second. To construe it as do the majority is to give it a meaning different from that which testatrix herself placed upon it. She in effect said that paragraph second is not sufficient to disinherit even her own sons Leo and George, say nothing of grandchildren and hence to accomplish this disinheritance she put paragraph fourth in the will.
If paragraph second disinherited the grandchildren, then certainly it would have disinherited Leo and George and hence paragraph fourth becomes surplusage and is in effect being deleted by the construction adopted in the majority opinion.
It is my belief that paragraph second of the will is analogous to the usual catch-all denial made in pleadings. In most cases it has no effect whatsoever since all the allegations of the pleadings against which it is directed are already either admitted or denied specifically. It is the lawyer's safety valve to be utilized and given application only if some allegation be overlooked in the specific admissions or denials.
It is usually inserted in pleadings as a precautionary safeguard *Page 446 
and generally in the end must be disregarded as surplusage.
I think the decree should be set aside and the cause remanded with directions to modify the decree by allowing to each of the appellants a one-twelfth interest in the estate as in the case of intestacy.