JOHNSON, EXRX. *v.* JOHNSON ET AL.

(No. 15,441 — Decided April 13, 1984.)

Court of Common Pleas of
Highland County,
Probate Division.

*Mr. Rocky A. Coss,* for plaintiff.

DAVIS, J. This cause is before the court for construction of Item 2 of the will of Celesta Vay Johnson, deceased, which reads as follows:

"Item 2. I give, bequeath and devise all my property, both real and personal, of every kind and description, wheresoever situate to my children, their heirs and my foster child as follows: Richard Johnson, Ione James, Alma Hoover, Robert Johnson, Archie Lowell Johnson, the children of my deceased daughter, Bonnie Lee Rhoades and John Peterson, share and share alike."

The issue is whether the children of the deceased daughter take per stirpes or per capita.

The devise is to a class referred to as "my children, their heirs and my foster child." It is not necessary that a class consist of persons of the same relationship to the deceased. A testator may exclude persons who ordinarily would clearly be members of a class and include those who would not be. A gift to persons not coming under any common description may be made in such a manner as to constitute them a legal class. 32 Ohio Jurisprudence 3d (1981) 215, Section 705. Testatrix created a class of persons which included children, grandchildren and a foster child. The members of the class are to take "share and share alike." Numerous Ohio cases have determined that this expression clearly means the persons of the class share in equal parts unless these words are used in such a way as to show some other meaning. *Huston* v. *Crook* (1882), 38 Ohio St. 328; *McKelvey* v. *McKelvey* (1885), 43 Ohio St. 213; *Mooney* v. *Purpus* (1904), 70 Ohio St. 57. "Share and share alike" is defined in Black's Law Dictionary (5 Ed. 1979) as: "In equal shares or proportions. The words commonly indicate per capita division and they may be applied to a division between classes as well as to a division among individuals."

The law in Ohio is well-settled. In a testamentary gift to persons named and to the children of other persons, the persons entitled will, in the absence of anything to show a contrary intention take per capita and not per stirpes. *Wuennemann* v. *Martens* (1922), 17 Ohio App. 81; *Bruce* v. *Warren* (1926), 22 Ohio App. 41; *Falor* v. *Slusser* (1910), 18 Ohio C.C. (N.S.) 309, 29 Ohio C.D. 513; 80 American Jurisprudence 2d (1975) 537, Wills, Section 1468. The rule is supported by the language, "share and share alike," which imparts equality of division. A difference in the degree of kinship does not prevent application of the rule. Naming of a foster child to receive, share and share alike, in the will under consideration further strengthens this conclusion.

It may be argued that the daughter, being deceased, the anti-lapse statute, R.C. 2107.52, should apply and distribution made per stirpes, but the gift is not to the daughter. The gift is to "the children of my deceased daughter." The language of testatrix is clear and concise. This was

decided by this court in *Cowgill* v. *Faulconer* (1978), 8 O.O. 3d 423. The first paragraph of the syllabus of that case, although the devise is somewhat at variance with the language of the will before the bar, is precedent for this case, to wit:

"A devise in equal shares to the children of a deceased brother, and to the children of another brother is a devise to a class of persons identified by reference as the children of said brothers. All children in such class receive said devise per capita and not per stirpes."

An exception to the general rule of construction exists if the gift is to persons named and "heirs" of another person. In such instance distribution to said "heirs" is per stirpes. However, if the word "heirs" is tantamount to "children," the persons designated take per capita. 80 American Jurisprudence 2d (1975) 538, Wills, Section 1468.

In the instant case, both the words "heirs" and "children" were used by testatrix. The term "heirs," however, referred generally to a class of persons that included children and a foster child. Specifically, the "children" of the deceased daughter are named recipients of the gift and thus the term "heirs" was used as tantamount to the term "children."

Finally, it may be contended that the testatrix had in mind only that the children of the deceased daughter should receive her share. If this is what she meant, she did not speak so in her last will and testament.

In *Cowgill* v. *Faulconer*, *supra*, at 424-425, this court said:

"Wills should be liberally construed in order to give effect to testator's intention, but if the language is clear and the testator's intention can be ascertained from it, the express provision of the will must control and it will be presumed that the testator intended what the will says, *Steinbrenner* v. *Dreher* [1942], 140 Ohio St. 305, 23 O.O. 502. The intention to be determined by the court in a will construction case is not the intention which existed in the mind of the testator, but that which is expressed by the language of the will. The question is not what the testator should have done, but what he did do, and what he meant by the words he actually employed. *Cope* v. *Cope* [1887], 45 Ohio St. 464."

The estate should therefore be divided into fifteen parts and distributed per capita.

*Judgment accordingly.*