TAYLOR *et al.*

*v.*

FAUVER *et al.*

(*Supreme Court of Appeals of Virginia, Nov. 18, 1897.*)

[28 S. E. Rep. 317.]

**Wills—Construction—Case at Bar.**

A clause in a will provided: "Third. The balance I will and bequeath to my sisters or their heirs equal to all": *held*, where one sister died and left heirs, that they were only entitled to the share which their mother would have taken, had she been alive.

Appeal from circuit court, Augusta county.

Bill by David H. Fauver and others against William M. Taylor and others. From a decree in favor of plaintiffs, defendants appeal. Affirmed.

*J. L. S. Kirby* and *Mead F. White*, for appellants.

*J., J. L. & R. Bumgardner*, for appellees.

BUCHANAN, J., delivered the opinion of the court.

The only question involved in this appeal is the construction of the third clause of the will of J. W. Fauver, deceased, which is in the following words: "Third. The balance I will and bequeath to my sisters or their heirs equal to all." The testator had several sisters who survived him, and one sister who died before his will was written, leaving a number of children, who are the appellants.

The contention of the appellants is that each of them is entitled to the same interest in the property disposed of by the residuary clause of the will as is each of the sisters of the testator, and that the court erred in holding that they only took such interest as their mother would have taken, had she been living.

The will is awkwardly drawn, and there is nothing in the other portions of it to throw any light upon the clause under consideration. It is clear, however, from the language used, that the testator intended that each of his sisters who were living at the time of his death should take an equal share of the property disposed of by that clause of the will, and that the children or heirs of each of his sisters who were dead at that time should take a share of equal value, or such a share as their mother would have taken if she had been living at the time the will took effect. This was the construction placed upon that clause by the circuit court, and is manifestly right.

The decree complained of must be affirmed.

RIELY, J., absent.