Swing, J.
This is an action for partition, and comes into this court on appeal.
The rights of the parties turn upon the construction to be given to the will of Joseph Ferris, which will is as follows:
“I give and bequeath to my brothers, Andrew J. Ferris, Chas. K. Ferris,and my sister, Phoebe Ferris, all my property real, personal and mixed, of whatever nature and wherever situated, equally to them and their heirs forever, share and share alike.”
The evidence established these facts: The will was executed July 28, 1873; Joseph Ferris died December 22, 1891, leaving as his heirs at law surviving him his sister, Phoebe Ferris, and his nephews, JohnF. Jewett and Eri F. Jewett, children of his deceased sisters, Mary and Sarah Jewett. Joseph Ferris was never married, and at the time he made his said will was living with his brothers, Charles K. and Andrew J., and his sister, Phoebe, at their home place where they had been born and raised, and they were all then unmarried. Charles K. ■ Ferris died September 2, 1883, and Andrew J. Ferris died May 8, 1890, and Phoebe Ferris died December 18, 1896. None of these brothers or sister were married.
Andrew J. Ferris executed his last will October 27, 1883, in which he devised all of his property of any description to his brother Joseph and his sister Phoebe.
On July 31, 1873, Charles K. Ferris executed his will by which he devised all of his property of any description to his brother Andrew J. Ferris.
At the time of his death Joseph Ferris was the owner of considerable real estate which had come to him by inheritance or devise from his father and mother and brothers. He. was not in debt, except for expenses of last sickness. The three brothers and sister had always lived together, and, as has been said, none of them were married. The two nephews, John B. and Eri F., their mothers having died when they were young, were brought up at the family home with their uncles and aunt. There are some other *280 .facts given in evidence, but which we do not deem it necessary to mention here, as in our judgment they throw no light on the question before us.
The plaintiff claims that the interests devised to Charles K. and Andrew J. lapsed, they having died before Joseph, and that Joseph died intestate as to such interests,
The claim of the defendants is that the interests so devised did not lapse, for two reasons: First, because under section 5971, Revised Statutes, the devise in question was of a residuary estate; and second, because the devise is to a class,and not to individuals.
The section referred to is as follows:
“* * Or if such devisee shall leave no such issue and the devise be of a residuary estate to him or her, and other child or relative of the testator, the estate devised shall pass to and vest in such residuary devisee surviving the testator unless a different disposition shall be made or required by the will.”
Bouvier defines a‘‘residuary estate” to be ‘‘What remains of testator’s estate after deducting the debts and the bequests and devises.” “Residuary devisee” he says, is •‘‘The person to whom the residue of a testator’s estate is devised after satisfying previous devisees.”
‘‘Residuary clause”, he says, is ‘‘The clause in a will by which that part of the property is disposed of which remains after satisfying previous bequests and devises”, and ‘‘residue” he defines as ‘‘That which remains of something after taking away a part of it, as the residue of an estate,, which is what has not been particularly devised by will.” From these definitions it would seem clear, that a devise of the whole of an estate could not be a devise of the residue of an estate. The whole is more than a part of the whole, from which something has been taken, and they are not and can not be one a\nd the same thing. And a devise of the whole of an estate can not be held to be a residuary devise, for the reason, that a residuary devise is a devise of the balance of the whole from which a previous devise or devises had taken a part. •
It might very well be that a residuary devise disposed of nearly the whole estate, but it would still be a residuary devise, because it would be the balance of the whole after *281 certain devises had been carved out of it; but a devise of ' the whole estate could never be construed as being a residuary devise, although it might virtually amount to the same thing. The legislature has used a technical term in the statute, and it should receive its technical construction, and-especially as we see nothing in the statute indicating that the words are used in any other sense.
The fact that the testator died leaving the debts of his - last sickness could make no difference in the construction of the will, The estate was liable to pay these debts by force-of the law. They are not provided for in the will, and-whether a clause in a will is a residuary clause or not depends on whether it is made such or not by the testator.
Is the devise one to a class, or to individuals? If to a class, the survivor takes; if to individuals, the devises lapse..
The general rule in the interpretations of wills is that the intention of the testator is to g^yern, and when that is ascertained, all things must yield to it, the object being -to carry out the purposes and intention of the testator as expressed in his will, and all technical rules must bend to this-rule — almost any reported case on the construction of wills contains a statement of this general proposition.
In arriving at the intention of the testator, a court should'as far as possible try and put itself in the position of the testator at the time of making the will, in order that it may. arrive at the meaning that the testator intended to convey by the use of the words employed. This was done by the supreme court of the United States in the leading case of Smith v. Bell, in 6th Peters, 75, from'which page, counsel, for defendants quote in their brief the following:
“The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him and to influence ■ him in the disposition of his property, are all entitled to consideration, and in that case the court construed the will’ to give to testator’s wife a life estate and his son the re-, mainder, although the rule gave the yffife in plain terms the whole in one part of the will,and the son the remainder in an- • other part. These rules are valuable, and valuable only in-construing language which is doubtful in meaning When-applied to the objects of the testator’s bounty, but when* *282 •the words used are plain and there is no conflict in the terms of the will, and the objects of the testator’s bounty ■correspond to the clearly expressed words of the will, there is no rule for construction except to give effect to the plainly expressed words of the will. It is the will of the ’testator that is to be carried out, and when that is ascertained the courts must give effect to it.”
In this will the words used are plain, direct, and there is ■nothing ambiguous in it:
“I give and bequeath to my brothers Andrew J. Ferris, •Charles K, Ferris, and my sister, Phoebe Ferris, all of my property, real, personal and mixed, of whatever nature and wherever situated, equally to them and their heirs forever, ¡share and share alike”.
In clear and unmistaken language he gives to Andrew J. Ferris, Charles K, Ferris and Phoebe Ferris, equally, share and share alike, all his property, and he says they are his brothers and sister, It seems obvious to us that this is a .gift to them as individuals, and not as a class. It is true •that they were a class — 'but the gift to them is in words to them as individuals, and the rule of law is, that when the .gift is made to persons designated by name, that is individually; it is a gift to them as individuals, and not asa class, ■even though the persons designated may constitute a class, while a gift to a class is thus defined by Jarman, 5th edition, 269, volume 1:
‘‘In legal contemplation, a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number.”
Where the will designates them as individuals, and also ¡as a class, the rule is stated as follows, in the case of Chase V. Peckham, 17 R. I., 885:
‘‘This clause, like many such testamentary provisions,described the residuary legatees in two ways, each of which, taken by itself, has a well settled legal effect quite different from the other. It describes them by name, which makes ■a bequest to them as individuals, so that if one dies without issue before the testator, the legacy to him fails. It also *283 describes them as nephews, i. e., as a class, which makes a bequest to such of the class as are capable of receiving it when the bequest takes effect, when both descriptions occur, with nothing more to show the testator’s intent. The construction is that the gift by name constitutes a gift to individuals to which the class description is added by way of identification”
There is nothing in this will itself which indicates that the testator had any other intention than to give his property to his brothers Charles K., and Andrew J,, and his sister-Phoebe Ferris, which is plainly a gift to them as individuals. But it is contended that' if the court looks at the surrounding circumstances, it must conclude that the testator intended by the words used to give his property to his-brothers and sister as a class, and not as individuals. The surrounding circumstances certainly would lead the court' to presume that if the testator had made his will subsequent-.to the death of his brothers Charles and Andrew, that he-would have given it to his sister Phoebe rather than to his-nephews. But suppose that Charles and Andrew had married after the execution of the will, and had left children-surviving — -there is absolutely no reason to suppose that he would have given all of his property to his sister to the exclusion of his brothers’ children, for it does not appear that he loved his sister more than he did his brothers; and if so, there would be no reason to think that he would desire to cut off the children of his brothers; and the fact that testator’s brothers died leaving no issue, and that if the bequests to Charles and Andrew lapse, and by reason thereof certain portions of the property will go to his nephews, can make no difference. The will must be construed with reference to the words of the whole will taken in connection with the surrounding circumstances at the time of the making of the will, and not with reference to the surrounding circumstances at the time of the death of the testator except in so far as the latter are connected with the former.
We construe this will to give to Charles K., Andrew J. and Phoebe Ferris, as individuals, each the one third equal part of his whole estate. That was his intention clearly and unmistakably expressed,and he made no further disposition of it. Charles and Andrew having died before the testator,. *284 they could not take their portions, and the law steps in and says how it shall pass and vest. There is no present intension to give any portion to his nephews or to his sister; each take under the law.
We have examined with care the able and elaborate brief of the defendant’s counsel, but we have found no case where by plain and unambiguous language a gift has been made to individuals, that the court has by reason of its surrounding circumstances also construed the gift into a gift to a ■class. In every case cited, whether there has been a-gift to individuals or a class, the court has found in the words of the will, a reason for holding the gift to be to a class rather ■than to individuals; but in this case there is not a word in•dicatiug that the words used are not used in their ordinary ■sense,and with no contradiction in the terms or ambiguity in the words or terms used. We are of the opinion the gift -was clearly to individuals, and the interests bequeathed to ■Charles and Andrew lapsed by reason of their dying before -the testator, and that plaintiff is entitled to the relief prayed for.