HAMILTON, EXR., APPELLEE, *v.* PETTIFOR ET AL., APPELLEES; JENNY, JR., APPELLANT.*

(No. 5248—Decided September 26, 1955.)

Mr. *Earl L. Hamilton,* for appellee Donald M. Hamilton.
Mr. *O. H. Roth,* for appellee Carl Leon Pettifor.
Mr. *Warren E. Bigony,* for appellee Emma Pettifor Gleason.
Mr. *Robert M. Draper,* for appellant.

MILLER, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Franklin County constru-

---

*Judgment affirmed, 165 Ohio St., 361.

ing item 4 of the will of Alexander E. Pettifor, deceased. It reads as follows:

"Item Four: If my wife should predecease me, should re-marry, or at her death after my decease, I give, devise and bequeath all of my property of any kind, nature and description, then remaining, of which I may own or have the right to dispose of at the time of my decease, to my three (3) children, Carl, Emma and Muriel Pettifor, or their survivors, absolutely and in fee simple, equally, share and share alike."

The record discloses that two of the children enumerated in item four, to wit, Carl and Emma, survived the testator, but that his daughter, Muriel, predeceased him leaving, surviving her, a son, Arthur Jenny, Jr., who is claiming her interest, if any, in the estate.

The record discloses further that the testator's wife predeceased him also.

The question presented is whether the term, "survivors," as used in the will relates to the survivors of the class enumerated in the will or to the survivors of the persons constituting the class. The trial court found that Arthur Jenny, Jr., was not entitled to share in the estate. It is not contended that any of the other provisions of the will clarify or throw any light on the issue presented; therefore, the well-established rule must be applied that "technical words used in a will should have their strict technical meaning, unless it appears that the testator used them in some other and secondary sense." *Weston* v. *Weston*, 38 Ohio St., 473, 478.

The same rule was pronounced in *Holt* v. *Miller*, 133 Ohio St., 418, 420, 14 N. E. (2d), 409. We have examined numerous authorities and find that they unanimously hold that given its literal interpretation the word, "survivor," means one who outlives another, one of two or more persons who live after the other or others have died. We quote from some of them.

"To survive another is to outlive such other. * * * A gift to survivors, after a life estate, enures only to those who are alive at distribution. The word 'survivors,' when used of a class, is limited to the individuals of such a class, and does not include their children." 3 Page on Wills, 174, Section 1037.

"The primary and literal meaning of the word 'survive' is

to outlive another person or live beyond a designated date or the happening of a designated event, and the literal meaning of 'survivor' is one who so outlives another person, etc. It is generally held that in the absence of an expression of a contrary intention, their primary meaning is to be attributed to the words in question, when they are used in wills. Under some circumstances the English courts uphold a construction of the term 'survivor' to mean 'other,' but American judges have been very reluctant to countenance this reading of the word." 57 American Jurisprudence, 931, Section 1396.

The Ohio cases have followed the literal meaning of the word, "survivors," as defined, *supra.*

"A provision in a will devising property to two persons or the survivor of them vests an interest in fee simple in such person or persons as are living at the time of the testator's death." *Corry, Exr.,* v. *Central Methodist Church of Springfield,* 61 Ohio Law Abs., 295, 104 N. E. (2d), 73.

The leading case in Ohio on the question presented appears to be that of *Sinton* v. *Boyd,* 19 Ohio St., 30, 2 Am. Rep., 369, the second paragraph of the syllabus of which provides:

"Where a testator gave all his estate to his wife for life, and directed that all remaining after her death should be divided, by his executors, equally amongst his children, or the *survivors of them,* and, after his decease, one of the children died, before the death of the testator's widow, leaving a child: *Held,* That no interest vested in the deceased child under the will, and that the grandchild of the testator was not entitled to share in the estate, as one of the 'children' or 'survivors,' to whom it was to be distributed."

Counsel for the appellant seems to recognize the law as pronounced in the *Sinton case,* but attempts to distinguish between the terms, "or the survivors of them," as used in the cited case and, "or their survivors," as used in the case at bar. We are unable to note such a distinction and are of the opinion that the principle of law pronounced in the *Sinton case* must control here.

There is additional language used in item four which throws some light on the intention of the testator. He provides that the property shall be divided "equally, share and

share alike." It is unlikely that the testator would have divided the property equally between his children and his grandchildren. This language shows an intention of the testator to use the word, "survivors," only with respect to his own children.

The cases of *Horne* v. *Horne,* 181 Va., 685, 26 S. E. (2d), 80, and *Taylor* v. *Fauver* (Virginia), 28 S. E., 317, are cited by the appellant, but do not seem to be pertinent because of a lack of similarity in the factual situations.

The case of *Harris* v. *Berry,* 70 Ky. (7 Bush), 113, also referred to by the appellant, seems to be quite similar to ours, but in it the court points out that the term, "survivors," as written in the will was a flexible term and did not necessarily mean the testator's surviving children only, but that it could be molded by the text and spirit of the will and that it could, consistently with the literal import, comprehend all surviving descendents who were intended to be beneficiaries. In our case there can be no flexibility for the reason that none of the other provisions of the will throw any light upon the meaning of the term.

We find no error in the record, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

HORNBECK and WISEMAN, JJ., concur.