MARTIN, Appellant,

v.

SUMMERS et al., Appellees.

[Cite as *Martin v. Summers* (1995), 101 Ohio App.3d 269.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA94–09–023.

Decided Feb. 21, 1995.

*Armin Frank,* for appellant.

*Elizabeth A. Bricker,* for appellees.

---

KOEHLER, Judge.

On January 11, 1994, the Last Will and Testament of Frank D. Martin ("testator"), who died December 1, 1993, was admitted to probate in the Clinton County Probate Court. On February 3, 1994, plaintiff-appellant, Nancy V. Martin, filed a complaint seeking the trial court's direction and judgment as to a proper construction of Items III and V of the will.

Testator is survived by appellant, who was his spouse. Testator had only one child, Richard Martin. Richard Martin was adopted by testator, but was neither the natural nor adoptive son of appellant. Testator survived his son Richard Martin, who died in 1989. Richard Martin is survived by his only two children, defendants-appellees, Richard V. Martin and Maralyn Summers, n.k.a. Maralyn Arms.

Item III of the will provides, "I give, devise and bequeath the rest, residue and remainder of all my property equally to my said wife, Nancy V. Martin, and to my son, Richard Martin, share and share alike." Item V of the will, which provides for the sale of decedent's farm and payment of legal debts, expenses, and taxes, states that "[t]he balance of said sale proceeds shall be distributable equally to my said son and wife, share and share alike."

In interpreting this language, the trial court did not resort to extrinsic evidence. The trial court found that the testator intended to have R.C. 2107.52, Ohio's antilapse statute, apply in the event that his son predeceased him. The trial court further found that R.C. 2107.52 operated in this case to cause a stirpital distribution of Richard Martin's share to appellees.

■ On appeal, appellant argues that the trial court's decision is against the manifest weight of the evidence because the language of the will and the extrinsic evidence admitted at trial demonstrate a testamentary intent for a *per capita* distribution. We disagree.

R.C. 2107.52(B) provides that:

"Unless a contrary intention is manifested in the will, if a devise of real property or a bequest of personal property is made to a relative of a testator and the relative was dead at the time the will was made or dies after that time, leaving issue surviving the testator, those issue shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator."

■ "In any action seeking construction of a will the court's sole purpose is to ascertain and carry out the intention of the testator. Such intention must be ascertained from the words contained in the will." *Wills v. Union Savings & Trust* (1982), 69 Ohio St.2d 382, 385, 23 O.O.3d 350, 352, 433 N.E.2d 152, 155. If the language of the will is unambiguous, extrinsic evidence is not admissible to vary, modify or alter a plainly expressed intent. *Sandy v. Mouhot* (1982), 1 Ohio St.3d 143, 1 OBR 178, 438 N.E.2d 117; *Steinbrenner v. Dreher* (1942), 140 Ohio St. 305, 23 O.O. 502, 43 N.E.2d 283. A testator is presumed to have known of the existence and effect of the antilapse statute. *Everhard v. Brown* (1945), 75 Ohio App. 451, 31 O.O. 268, 62 N.E.2d 901.

Appellant contends that the use of the phrase "equally, share and share alike" must be interpreted as requiring a *per capita* distribution. Use of these words, appellant claims, demonstrates an intent on behalf of the testator to defeat operation of the antilapse statute.

■ The term "equally, share and share alike," when used in the context of a gift to a class, has been interpreted to require a *per capita* and not a *per stirpes* distribution. See *Mooney v. Purpus* (1904), 70 Ohio St. 57, 70 N.E. 894; *First Natl. Bank of Southwestern Ohio v. Walther* (Feb. 6, 1984), Butler App. No. CA83–08–091, unreported, 1984 WL 4322. However, the term does not automatically require a *per capita* distribution. See *Gill v. Alcorn* (1924), 19 Ohio App. 122. Reading the will in this case in its entirety, it is clear that the testator intended to make gifts to named individuals, not to a class. Further, the use of "equally, share and share alike" in the will has "no broader meaning than would be ascribed to the term 'equally.'" *Godfrey v. Epple* (1919), 100 Ohio St. 447, 455, 126 N.E. 886, 888. Thus, the term indicates only that appellant and Richard Martin were to each receive half of the proceeds remaining from the sale of the farm.

The will manifests no intent on behalf of the testator to defeat the operation of R.C. 2107.52. Item II of the will provides "I give, and bequeath to my wife, Nancy V. Martin, *if she survives me,* all the tangible personal property I may own or have an interest in at the time of my death." The underscored language suggests that testator was well aware of the antilapse statute and that he was quite capable of employing language that would prevent its application when he so intended.

The testator's intent can be found within the four corners of the will. Therefore, it is unnecessary to resort to the extrinsic evidence put forth by appellant. We conclude that the trial court properly applied the antilapse statute and found that appellees were entitled to a *per stirpes* distribution of the bequest to Richard Martin as if he had survived. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.

FRED E. JONES, P.J., retired, of the Twelfth Appellate District, sitting by assignment.