[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 563.]

POLEN, EXR., APPELLEE, *v.* BAKER ET AL., APPELLANTS.

[Cite as *Polen v. Baker,* 2001-Ohio-1286.]

*Probate—Will construction—Only surviving beneficiaries named in a will's residuary clause shall receive equal shares of the residuary estate.*

(No. 00-1274—Submitted February 28, 2001—Decided August 22, 2001.)

APPEAL from the Court of Appeals for Pickaway County, No. 99 CA 34.

_____

COOK, J.

{¶ 1} This case presents the issue of whether only surviving beneficiaries named in a will's residuary clause should receive equal shares of the residuary estate, or whether the children of a beneficiary who also was named in the residuary clause but who predeceased the testator should inherit his share. For the reasons that follow, we find that only the surviving named beneficiaries should share in the residuary estate.

I

{¶ 2} Following the death of Frances P. Haines, appellee, Dixie Lee Polen, the executor of Haines's estate, brought a will construction action in the Pickaway County Common Pleas Court, Probate Division. Polen asked the court to construe the will's residuary clause. The will directed Polen "to distribute the net proceeds [from the residue of the estate] *to Dorothy Landrum, Dixie Lee Polen, Dorothy N. Franklin, Ercil Cutler and George Baker, equally share and share alike, the same to be theirs absolutely, or to the survivors thereof."* (Emphasis added.) George Baker predeceased Haines and it is Baker's children, appellants, who sought a share of the residuary estate as "survivors" of their father. The executor, on the other hand, sought to distribute the residue in equal shares to Landrum, Franklin, Cutler, and herself as "survivors" of the listed beneficiaries who outlived Haines.

**{¶ 3}** Baker's son and daughter filed a counterclaim, arguing that under the will they are entitled to their deceased father's share. They argued in the alternative that, because the language of the residuary clause was ambiguous, they are entitled to their father's share under Ohio's antilapse statute. R.C. 2107.52(B), the antilapse statute, provides:

"Unless a contrary intention is manifested in the will, if a devise of real property or a bequest of personal property is made to a relative of a testator and the relative * * * dies after that time, leaving issue surviving the testator, those issue shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator."

**{¶ 4}** Both sides moved for summary judgment. Finding the residuary clause unambiguous and R.C. 2107.52(B) inapplicable, the trial court granted summary judgment in favor of the executor, Polen. Baker's children appealed to the Fourth District Court of Appeals. That court affirmed, reasoning that use of the phrase "or to the survivors thereof" evinced "an intent to avoid operation of R.C. 2107.52(B) and to have the residuary estate vest only in those named beneficiaries who survived" Haines. Baker's children then appealed to this court.

**{¶ 5}** The cause is now before this court upon our allowance of a discretionary appeal.

II

**{¶ 6}** The parties agree that the dispositive issue here is what the residuary clause of the will means. The question of law posed on summary judgment and reviewed here *de novo* is (1) does "or to the survivors thereof" as used here require that the "survivors" as among the listed beneficiaries share the residue of the estate, or (2) do the issue of a deceased listed beneficiary take that beneficiary's share as "survivors"? The executor's position in (1) above presents a construction of the language that would operate in the manner of a *per capita* distribution. The

appellants' view in (2) above would have the residuary clause language operate in the manner of a *per stirpes* distribution.

**{¶ 7}** We begin with the basic law guiding will interpretation. It is axiomatic that "[i]n the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator." *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55, 58, citing *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540, paragraph one of the syllabus, and *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, 1874 WL 101, paragraph one of the syllabus. This intent is to be gleaned from the words used. *Id*., citing *Townsend's Exrs.,* paragraph two of the syllabus. These words, " 'if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear(s) from the context that they were used by the testator in some secondary sense.' " *Ohio Natl. Bank of Columbus v. Adair* (1978), 54 Ohio St.2d 26, 30, 8 O.O.3d 15, 17, 374 N.E.2d 415, 418, quoting *Townsend's Exrs.,* 25 Ohio St. 477, paragraph three of the syllabus.

**{¶ 8}** In deciding the intent of the testator here, we recognize that this court has previously addressed similar survivorship language. We held, for example, that in the context of a parent's bequest to his unnamed children, "words of survivorship should be referred to the period 'for the payment or distribution of the subject-matter of the gift,' " *Sinton v. Boyd* (1869), 19 Ohio St. 30, 35, 1869 WL 27, quoting *Young v. Robertson* (1862), 8 Jurist, N.S., 825, and thus only those beneficiaries who had survived the testator were entitled to share in the estate. *Id*. at paragraph two of the syllabus. We later addressed a will provision that both named specific individuals and included survivorship language in *Renner v. Williams* (1905), 71 Ohio St. 340, 73 N.E. 221. There, this court addressed a clause that read, "In the case of the death of either one or more of [three named beneficiaries], the survivor or survivors shall inherit the property * * *; if more than one survivor, to be divided equally, share and share alike." This court

interpreted the clause to mean that only the named beneficiary or beneficiaries who were alive at the time of the testator's death inherited as "survivors." *Id*., paragraph two of the syllabus.

{¶ 9} The court later explicitly extended the *Sinton* construction of survivorship language to a residuary clause that provided for distribution to three *named* beneficiaries, "or their survivors, absolutely and in fee simple, equally, share and share alike," in *Hamilton v. Pettifor* (1956), 165 Ohio St. 361, 59 O.O. 470, 135 N.E.2d 264. We concluded that the term "survivors" referred to the survivors among those named in that clause, and that the child of a deceased named beneficiary was not entitled to share in the estate. Although the will presumptively made individual bequests, see *Jewett v. Jewett* (1903), 67 Ohio St. 541, 67 N.E. 1098, summarily affirming *Jewett v. Jewett* (1900), 12 Ohio C.D. 131, 1900 WL 1176, this court, without explanation, regarded the named beneficiaries as constituting a *class*. While such a characterization ought to be discounted, we note that the survivorship language nonetheless evinced an intent for the gift to operate *in the manner of*—but not technically *as*—a class gift. This latter construction adheres to "[t]he general rule [that] in the interpretations of wills * * * the intention of the testator is to govern, and when that is ascertained, all things must yield to it, the object being to carry out the purposes and intention of the testator as expressed in his will, and all technical rules must bend to this rule." *Jewett*, 12 Ohio C.D. 131, 1900 WL 1176, at *2.

{¶ 10} Here, the court of appeals recognized the construction set forth in several of the foregoing cases, but found that the cases were "not directly dispositive, * * * because they deal only with common law will construction cases and do not analyze the term 'survivors' in the context of R.C. 2107.52(B)." This is only partially true. While this court decided *Hamilton* before the enactment of current R.C. 2107.52(B), the analogous former R.C. 2107.52 nonetheless existed

when this court decided *Hamilton*.[1]  Although the court did not refer to former R.C. 2107.52 in *Hamilton*, such discussion was unnecessary.  Because the language of the will evinced the testator's intent to limit distribution to those surviving beneficiaries, the statute did not apply.  Therefore, we find that the construction and effect of "survivors" in *Hamilton* and its progeny properly inform our decision today.  See, also, *Cowgill v. Faulconer* (1978), 57 Ohio Misc. 6, 8 O.O.3d 423, 385 N.E.2d 327; *Shalkhauser v. Beach* (1968), 14 Ohio Misc. 1, 43 O.O.2d 20, 233 N.E.2d 527.

{¶ 11} The majority of those courts from sister jurisdictions that have addressed this issue support our interpretation of the survivorship language in this will.[2]  A minority of courts have reached a contrary result.[3]  In examining these

1. Former R.C. 2107.52 was a 1953 recodification of G.C. 10504-73.  1953 H.B. No. 1.  The General Assembly then amended R.C. 2107.52 in 1992.  Sub.H.B. No. 427, 144 Ohio Laws, Part IV, 5457-5458.  The legislative intent behind the amendments was not to alter this court's construction of survivorship language in regard to wills, however; rather, the amendments were wholly unconcerned with the *Hamilton* holding.  The General Assembly stated in uncodified law:

"In amending sections 2107.01 and 2107.52 of the Revised Code, the General Assembly hereby declares its intent to supersede the effect of the holding of the Ohio Supreme Court on October 26, 1988, in *Dollar Savings & Trust Co. of Youngstown v. Turner* (1988), 39 Ohio St.3d 182 [529 N.E.2d 1261]." Section 3, Sub.H.B. No. 427, 144 Ohio Laws, Part IV, 5483.

In *Dollar Savings & Trust*, this court addressed whether R.C. 2107.52 applied to a trust agreement, so as to vest in a beneficiary's issue that portion of the trust res intended for a beneficiary who predeceased the settlor.  We held that the statute was applicable.  *Id*. at syllabus.  In superseding this holding, the General Assembly demonstrated a willingness to counter what it perceived to be an undesirable construction of R.C. 2107.52 by this court.  The General Assembly has never taken such action in regard to the *Hamilton* construction.

2.      See, *e.g.*, *In re Estate of Farris* (Okla.App.1993), 865 P.2d 1275, 1278; *In re Estate of Kirchwehm* (1991), 211 Ill.App.3d 1015, 1019, 156 Ill.Dec. 375, 570 N.E.2d 851, 854; *Muzzall v. Lanford* (Tenn.App.1989), 776 S.W.2d 122, 123-124; *Mitchell v. Lowery* (1988), 90 N.C.App. 177, 182-184, 368 S.E.2d 7, 10-11; *Porter v. Estate of Myrick* (Fla.App.1988), 522 So.2d 99, 100; *Saia v. Sain* (1987), 73 Md.App. 322, 327-329, 533 A.2d 1336, 1338-1339; *In re Estate of Burruss* (1986), 152 Mich.App. 660, 664-665, 394 N.W.2d 466, 468; *In re Miner's Estate* (1971), 129 Vt. 484, 282 A.2d 827; *In re Nicholas' Will* (1966), 50 Misc.2d 76, 269 N.Y.S.2d 623; *In re Robinson's Will* (Sur.Ct.1963), 37 Misc.2d 546, 548, 236 N.Y.S.2d 293, 295; *Hummell v. Hummell* (1954), 241 N.C. 254, 258, 85 S.E.2d 144, 147; *Coffin v. Short* (1954), 82 R.I. 132, 135-136, 106 A.2d 262, 263-264 (construing will language in context of statutory definition of words of survivorship); *In re Daniels' Estate* (1951), 107 N.Y.S.2d 190; *In re Northrip's Will* (1940), 282 N.Y. 797, 27 N.E.2d 205.

3.  See, *e.g.*, *Early v. Bowen* (1994), 116 N.C.App. 206, 213, 447 S.E.2d 167, 172; *Gottlieb v. Gottlieb* (1987), 142 Wis.2d 937, 417 N.W.2d 197; *In re Estate of Allmond* (1974), 10 Wash.App.

latter cases, however, we find their reasoning either distinguishable or unpersuasive. One such case, for example, has been criticized as an example of a "court overemphasiz[ing] legislative intent and minimiz[ing] the expressed intent of the testator." *In re Robinson's Will*, 37 Misc.2d at 549, 236 N.Y.S.2d at 296, referring to *Schneller v. Schneller* (1934), 356 Ill. 89, 190 N.E. 121. See, also, *Converse v. Byars* (1941), 112 Mont. 372, 378, 118 P.2d 144, 146-147. We find that characterization applicable to the construction of the survivorship language that the appellants urge us to adopt.

{¶ 12} Therefore, we find that the meaning of "or to the survivors thereof" in Haines's will is consistent with this court's long-standing construction of such words of survivorship. As a result, we conclude that Haines intended for *per capita*, or equal, distribution of the residuary estate to those named individuals who survived her. And because the will provides for such distribution, the will evinces sufficient intent to avoid application of the antilapse statute. See *Tootle v. Tootle* (1986), 22 Ohio St.3d 244, 22 OBR 420, 490 N.E.2d 878, paragraph two of the syllabus.

{¶ 13} The appellants, however, advance a number of arguments that they allege support finding a contrary intent on behalf of the testator. They argue, for example, that "the survivors thereof" must be read to mean the issue of deceased named beneficiaries, because the phrase "the same to be theirs absolutely" conveyed an unconditional gift to each named beneficiary that could not lapse. Because they conclude that the phrase is used in the context of bequests to named individuals and not to a class, the appellants then aver that, pursuant to *Martin v. Summers* (1995), 101 Ohio App.3d 269, 655 N.E.2d 424, the phrase "equally share and share alike" requires a *per stirpes* and not a *per capita* distribution.

---

869, 872, 520 P.2d 1388, 1390-1391; *Schneller v. Schneller* (1934), 356 Ill. 89, 91-93, 190 N.E. 121, 122-123.

6

**{¶ 14}** We find this reasoning unpersuasive. In *Martin*, the Twelfth District addressed a bequest to the testator's wife and son, "equally * * * share and share alike." *Id*. at 271, 655 N.E.2d at 425. The son predeceased the testator. There were no words of survivorship in the relevant will provisions, which the court of appeals found dispositive in concluding that, although courts have interpreted the quoted language as requiring a *per capita* distribution, the intent manifested in that will's clause was for a *per stirpes* distribution. *Id*. at 272, 655 N.E.2d at 425-426. We express no opinion here as to the correctness of the *Martin* rationale. Because of the words of survivorship in the case *sub judice*, we find *Martin* of little assistance. The words of survivorship here mandate a *per capita* distribution, with each surviving beneficiary to take an absolute, or unencumbered, respective share.

**{¶ 15}** Further, it is well settled that "equally share and share alike" designates the *manner* in which beneficiaries are to take. *Mooney v. Purpus* (1904), 70 Ohio St. 57, 65, 70 N.E. 894, 895. Such language presumptively indicates an intent for the beneficiaries to take *per capita* and not *per stirpes*. *Id*. at syllabus. See, also, *Huston v. Crook* (1882), 38 Ohio St. 328, 331. Haines's treatment of the named beneficiary group similarly requires *per capita* distribution.

**{¶ 16}** The appellants also contend that, because Item XIX(D) of the will permits the executor to make distributions of the estate to minors, and because none of the named beneficiaries were minors at the time Haines made the will, we must interpret "survivors" as meaning potential minors who would take as issue of the named residual beneficiaries. If we do not, the appellants argue, then Haines's "express inclusion of instructions for gifts to minors would be irrelevant, meaningless, and without effect." It is indeed true that " 'all the parts of the will must be construed together, and effect, if possible, given to every word contained in it.' " *Ohio Natl. Bank of Columbus v. Adair*, 54 Ohio St.2d at 30, 8 O.O.3d at 17, 374 N.E.2d at 418, quoting *Townsend's Exrs*., 25 Ohio St. 477, paragraph four of the syllabus. But the appellants misconstrue the import and effect of Item XIX(D)

in this context. Item XIX merely sets forth the powers of the executor; it does not limit or broaden the meaning of the technical words employed in the residuary clause.

{¶ 17} Instead, the Item XIX language can be read as targeting provisions of the will wholly distinct from the residuary clause. We note that two provisions of Haines's will, Items XIV and XV, bequeath personal property to Dixie L. Polen and Dorothy Franklin, respectively. Both individuals are identified as Haines's nieces, and, as the appellants concede in their appellate brief, both women were related to Haines by consanguinity. While the Item XVII residuary clause contains language indicative of Haines's intent to escape application of R.C. 2107.52, Haines did not include such language in Items XIV and XV. Therefore, should Polen or Franklin have predeceased Haines, the personal property bequests made to them would have passed to Polen or Franklin's minor children, if any, in accordance with R.C. 2107.52. See *Oliver*, 60 Ohio St.3d 32, 573 N.E.2d 55, paragraph two of the syllabus. The appellants' argument—that, because there were no minors in existence when Haines made her will, the language regarding minors must inform our construction of the survivorship language—ignores the possibilities for which the articulated executor powers would account. Given such a possible explanation for the wording of Item XIX(D), the appellants have failed to meet their burden of overcoming the presumed meaning of the survivorship language. Item XIX's *general* grant of authority does not change the presumed meaning of the *specific* survivorship language Haines employed.

{¶ 18} Finally, the appellants argue that, if we construe the residuary clause as we do today, the will would have permitted the possibility of intestate disposition. This is so because the will did not set forth an alternative scheme for the disposition of the residuary estate should all of the named beneficiaries have predeceased Haines. But the appellants neither point to any authority mandating the avoidance of intestate disposition, nor account for how this alleged prohibition

would come into play if everyone named in the will *and* their issue had predeceased Haines. While the law *disfavors* intestate disposition, *Wendell v. AmeriTrust Co., N.A.* (1994), 69 Ohio St.3d 74, 77, 630 N.E.2d 368, 371, the law does not *prohibit* it.

## III

**{¶ 19}** For the foregoing reasons, we hold that the language in Haines's residuary clause provides for *per capita* distribution to the surviving named beneficiaries, rendering R.C. 2107.52(B) inapplicable. Because the appellants are not entitled to share in the residuary estate, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents.

PFEIFER, J., dissents.

————————————

**MOYER, C.J., dissenting.**

**{¶ 20}** I respectfully dissent from the majority decision holding that the residuary clause expresses an intention to provide *per capita* distribution to the surviving named beneficiaries and that R.C. 2107.52(B) is inapplicable. The law regarding the lapsing of testamentary gifts is well established, and the majority's opinion does not comport with it.

**{¶ 21}** R.C. 2107.52(B) provides that *"[u]nless a contrary intention is manifested in the will*, if a devise of real property or a bequest of personal property is made to a relative of a testator and the relative was dead at the time the will was made or dies after that time, leaving issue surviving the testator, those issue shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator." (Emphasis added.) This statute creates a statutory presumption against the lapsing of bequests to relatives of the

testator. A testator, however, may avoid application of the statute by including in the testator's will a sufficient statement of intent that is clearly and affirmatively set forth. See *Larwill's Exrs. v. Ewing* (1905), 73 Ohio St. 177, 182, 76 N.E. 503, 504-505. The will executed by Haines reveals an intent that the antilapse statute apply. The majority construes the language of the will to mean the contrary of what is expressed in the will.

{¶ 22} In her will, Haines distributed the residue of her estate to five named individuals to "equally share and share alike, the same to be theirs absolutely, or to the survivors thereof." The rule is that when the words "equally" and "share and share alike" are used to make testamentary gifts to named individuals, rather than to a class, equal shares are to be distributed to all the named individuals, with no gift lapsing if a named beneficiary predeceases the testator. See *Martin v. Summers* (1995), 101 Ohio App.3d 269, 272, 655 N.E.2d 424, 425-426. Similar to the will at issue here, a dispositive factor in *Martin* was that the testator made gifts to named individuals, not a class, and used the language "equally, share and share alike." *Id.* As the majority notes, the *Martin* opinion did not address a will provision containing survivorship language, but when such a provision is read as a whole, inclusion of survivorship language is not dispositive of an intent to defeat the antilapse statute.

{¶ 23} All parts of a will must be construed together, and, if possible, effect must be given to every term of the will. *Ohio Natl. Bank of Columbus v. Adair* (1978), 54 Ohio St.2d 26, 30, 8 O.O.3d 15, 17, 374 N.E.2d 415, 418. The majority cites this proposition, but then discounts the testator's use of the term "absolutely" used in conjunction with the survivorship language of the residuary clause. Standing alone, survivorship language in a residuary clause may support the outcome reached by the majority, but inclusion of the term "absolutely" directs a different result.

**{¶ 24}** As noted by the appellants, the term "absolutely" means "[c]ompletely, wholly; without qualification; *without reference or relation to, or dependence upon, any other person, thing, or event.*" (Emphasis added.) Black's Law Dictionary (6 Ed.1990) 9. In construing language of a will, technical words used in the will should be accorded their strict technical meaning. *Hamilton v. Pettifor* (1955), 101 Ohio App. 213, 214, 1 O.O.2d 149, 149-150, 138 N.E.2d 447, 448, affirmed (1956), 165 Ohio St. 361, 59 O.O. 470, 135 N.E.2d 264. Taking into consideration the technical meaning of the word "absolutely," it is apparent that the testator did not intend to impose upon the five named beneficiaries a requirement that they survive her. When the definition of "absolutely" is applied, the will provision becomes "equally share and share alike, the same to be theirs *completely, without relation to, or dependence on, any other person, thing, or event*, or to the survivors thereof." As urged by appellants, use of the phrase "or to the survivors thereof," which follows the term "absolutely," could have meant "the surviving issue of each named legatee" or "those of the five named legatees who survive me." Either approach is conceivable. See *Sinton v. Boyd* (1869), 19 Ohio St. 30, 1869 WL 27; *Hamilton*, 101 Ohio App. 213, 1 O.O.2d 149, 138 N.E.2d 447; *Detzel v. Nieberding* (1966), 7 Ohio Misc. 262, 36 O.O.2d 358, 219 N.E.2d 327. As Justice Pfeifer observes in his dissent, it is doubtful that language plausibly containing different meanings is a sufficient statement that the testator intended to defeat application of the antilapse statute.

**{¶ 25}** There are other reasons that should have led the majority to a different conclusion. First, Baker predeceased the testator by three and one-half years. The law presumes that a testator knows the law when executing a will, and the law presumes that the testator knew the presumption created by R.C. 2107.52(B). *Tootle v. Tootle* (1986), 22 Ohio St.3d 244, 247, 22 OBR 420, 424, 490 N.E.2d 878, 881; *Ohio Natl. Bank of Columbus v. Harris* (1933), 126 Ohio St. 360, 364-365, 185 N.E. 532, 534. Given this presumptive knowledge, if the testator

had desired that Baker's gift would lapse, she could have amended her will to ensure that Baker's surviving issue would not take his share of the residue estate.

{¶ 26} Second, Item XIX(D) of the will, which provides for the contingency that gifts from the estate could be made to minors, indicates an intent to provide for the issue of certain of the beneficiaries. Under Item XIX of the will, which designates powers of the executor, the question is, to whom would the executor make such gifts? Because the language of the residuary clause evidences no intent to defeat application of the antilapse statute, it is reasonable to conclude that the only minors to which Item XIX(D) could apply would be the issue of named beneficiaries.

{¶ 27} Finally, appellants make no claim that the five named beneficiaries constitute a class, natural or otherwise. The general rule is that when a gift is made to named persons, it is a gift to them individually, and not as a class. See *Jewett v. Jewett* (1900), 12 Ohio C.D. 131, 1900 WL 1176, at *3. Unlike the case of *Hamilton v. Pettifor* (1956), 165 Ohio St. 361, 59 O.O. 470, 135 N.E.2d 264, cited by the majority, the five individuals named in the residuary clause are not claimed to be of equal relationship to each other or to the testator, and not all named beneficiaries are members of what could be considered to be a class, such as nieces, nephews, or grandchildren. When there is no class and gifts are made to named beneficiaries, the proper disposition of gifts should be *per stirpes*, and not *per capita* as ordered by the majority. See *Martin*, 101 Ohio App.3d at 272, 655 N.E.2d at 425-426, citing *Mooney v. Purpus* (1904), 70 Ohio St. 57, 70 N.E. 894.

{¶ 28} For the foregoing reasons, I respectfully dissent from the interpretation of the residuary clause adopted by the majority. We should reverse the judgment of the court of appeals.

_____

**PFEIFER, J., dissenting.**

**{¶ 29}** The danger in applying settled case law to wills is that all wills are personal. Intentions of testators and stylistic preferences of lawyers combine to make unique documents. Thus, while particular cases may appear to be applicable to a particular will, a closer reading of the language of the wills involved reveals key differences. Such is the case in this matter.

**{¶ 30}** The majority cites *Hamilton v. Pettifor* (1956), 165 Ohio St. 361, 59 O.O. 470, 135 N.E.2d 264, for the proposition that use of the term "survivors" in the clause of a will refers to the survivors named in that clause, and not to the children of a deceased beneficiary. The *Hamilton* interpretation was correct in that particular case because of the particular language employed. That will read:

"If my wife should predecease me, should remarry, or at her death after my decease, I give, devise and bequeath all of my property of any kind, nature and description, then remaining, of which I may own or have the right to dispose of at the time of my decease, to my three (3) children, Carl, Emma and Muriel Pettifor, or their survivors, absolutely and in fee simple, equally, share and share alike."

**{¶ 31}** The key phrase in the clause is "to my three children * * *, or their survivors, absolutely and in fee simple, equally, share and share alike." In the *Hamilton* will, the "or their survivors" language comes before the "share and share alike" language. Thus, if the court had interpreted the "or their survivors" language as including the children of a deceased beneficiary, the collective surviving beneficiaries and the deceased beneficiary's children would be part of the group that would "share and share alike." They would each get an equal share of the estate, thereby extending the number of persons in the class. For example, in *Hamilton*, if the deceased beneficiary, Muriel, had had two children, those two children would get shares of the estate equal to what the surviving beneficiaries, Carl and Emma, got. Each would wind up with one fourth of the estate. Muriel's children would fare better than under even a *per stirpes* distribution, and Carl and Emma would fare worse. If the Hamilton court had read "survivors" as "children

of beneficiaries," the more children a deceased beneficiary might have, the smaller the shares for the surviving beneficiaries.

{¶ 32} There is no such danger in this case. Here, the "or to the survivors thereof" language follows the language that grants each of the five beneficiaries an equal share. Again, the language reads that the estate goes to "Dorothy Landrum, Dixie Lee Polen, Dorothy N. Franklin, Ercil Cutler and George Baker, equally share and share alike, the same to be theirs absolutely, or to the survivors thereof." In this case, the will clearly creates shares in the estate *before* the "survivors" language appears. Each named beneficiary is granted one fifth of the estate. The "survivors" are outside of the phrase bequeathing the estate to the five persons. Thus, unlike in *Hamilton*, no matter the size of each beneficiary's family, the size of each share could not be diluted to less than one fifth of the total of the estate. That one-fifth share belongs absolutely to each of the five named, so absolutely, in fact, that even in their own death that share gets passed on to their own survivors.

{¶ 33} In short, the will in this case creates a solid one-fifth distribution for each beneficiary. In *Hamilton*, if the court had interpreted "survivors" as children of original legatees, the distribution could have been fractionalized further. Thus, in *Hamilton*, allowing children of legatees to participate would potentially leave the original beneficiaries worse off than if all of them had survived. Because of the different placement of the "survivors" language in this case, the same potentiality did not exist.

{¶ 34} It is a subtle difference between the two wills, but very significant. And it is significant enough a difference that the will in this case should be considered separately from *Hamilton*. It seems to me clear in this case that the testator's intent was to give equal shares of the estate to the five beneficiaries, and that if a beneficiary died, their one-fifth share would go to their survivors. At the very least, the clause at issue is ambiguous. As such, the clause does not defeat the antilapse statute. The statute reads:

14

"Unless a contrary intention is manifested in the will, if a devise of real property or a bequest of personal property is made to a relative of a testator and the relative * * * dies after that time, leaving issue surviving the testator, those issue shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator." R.C. 2107.52(B).

{¶ 35} The will in this case does not contain language that overcomes the statute's presumption in favor of deceased beneficiaries' survivors. If one can logically read this will to allow for recovery by children of a beneficiary, then it certainly does not manifest the "contrary intention" as required by the antilapse statute.

{¶ 36} The court today stamps the language used in this will with its imprimatur. Do we really want the language of *this* will to be the benchmark for how to avoid the antilapse statute? Is this the example we expect Ohio practitioners to follow? This court's ruling today not only defeats the intent of the testator in this case, it defeats the General Assembly's intent in enacting the antilapse statute.

_____

*Kegler, Brown, Hill & Ritter*, *R. Douglas Wrightsel*, *Stephen E. Chappelear* and *Mark R. Reitz*, for appellee.

*Wood & Lamping LLP, Paul R. Berninger, W. Kelly Lundrigan* and *Catherine S. Neal*, for appellants.

_____