DECISION. *Page 2 
{¶ 1} Plaintiff-appellant Curtis Walker contests the entry of summary judgment for defendant-appellee Thomas Hodge, on Walker's claims for medical costs incurred in his individual capacity for the care of his son, Erik. Hodge had argued that Walker's action was barred by the statute of limitations and by the doctrine of res judicata. But because Hodge did not properly support his summary-judgment motion with evidence presented in accordance with Civ. R. 56, and because the trial court, in ruling on the motion, erroneously weighed the evidence and resolved issues of fact, we reverse.
 Walker I {¶ 2} In May 2002, Hodge negligently drove an automobile off the roadway, causing it to overturn. Erik, a passenger in the automobile, was seriously injured. In case number A-0306562 ("Walker I "), Walker, as father and next friend of Erik, brought suit on Erik's behalf for medical damages and pain and suffering. The case was tried to a jury, which returned a general verdict against Hodge. No special interrogatories had been presented to the jury. In June 2006, the trial court entered judgment on that verdict "in favor of Plaintiffs, Curtis Walker, father and natural guardian of Erik Walker," and awarded $183,259.87 in damages.
 Walker's Subsequent Claim for Medical Damages {¶ 3} One month before the entry of judgment in Walker I, Walker had filed this action in his individual capacity, seeking to recover costs for the medical bills he had incurred to treat the injuries Erik had sustained in the May 2002 accident. Hodge filed a motion seeking, inter alia, summary judgment on Walker's claim. He asserted that Walker's claim was barred by the statute of limitations and by the doctrine of res judicata. Hodge argued first that the action had been brought well outside the applicable two-year *Page 3 
period identified in R.C. 2305.10 in which to bring medical claims. He also asserted that Walker had already tried the issue in Walker I and had already received an award of damages that included Erik's medical costs.
 {¶ 4} In support of his arguments, Hodge attached three "exhibits" to his motion for summary judgment: a photocopy of the complaint inWalker I, a 15-page photocopied excerpt of the transcript of the proceedings in Walker I, including argument concerning Walker's medical-costs exhibits and portions of Walker's closing argument, and a photocopy of the Walker I judgment entry.
 {¶ 5} Walker responded to the motion by arguing that he had not been a party to Walker I. He had served merely in a representative capacity for his minor son. And absent special interrogatories, there was no proof that the Walker I jury had awarded Erik "all or any part of his medical expenses." Thus res judicata was not a bar to bringing this action. Since Walker's claim was not derivative of his son's claim, Walker argued that the applicable limitations period was the four-year period of R.C. 2305.09.
 {¶ 6} In October 2007, the trial court held a hearing, noting that "[t]here is a motion for summary judgment. We'll do that first." Hodge then informed the court that he had five additional "exhibits" for the court's consideration, including a letter from Walker's counsel, a list of Erik's medical expenses admitted as plaintiffs exhibit 14 inWalker I, and Walker's "requested" and "admitted" jury instructions inWalker I.
 {¶ 7} Hodge argued that the trial court's failure to dismiss this action could permit Walker a double recovery since it was clear from the eight exhibits that no genuine issue of fact remained as to whether the jury had already considered and awarded damages for Erik's medical costs in Walker I. At the conclusion of the hearing on Hodge's motion for summary judgment, the trial court instructed the parties "to submit your *Page 4 
suggested findings." Each did so. And the trial court adopted almost verbatim Hodge's 21-paragraph proposed findings of fact and conclusions of law. The trial court journalized them as its order granting summary judgment for Hodge and dismissing the action with prejudice.
 {¶ 8} On appeal, raising two assignments of error, Walker now argues that the trial court erred in entering summary judgment. He essentially recapitulates the arguments that he made in his memorandum in opposition to Hodge's motion. We agree that the trial court improvidently granted summary judgment, but not for the reasons Walker advances.
 No Evidentiary Basis for Granting Summary Judgment {¶ 9} Because summary judgment presents only questions of law, an appellate court reviews the entry of summary judgment de novo, without deference to the trial court's determinations.[1] Summary judgment is proper pursuant to Civ. R. 56(C) only when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.[2]
 {¶ 10} The party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential *Page 5 
element(s) of the nonmoving party's claims. "[3] "Portions of the record" means only those evidentiary materials listed in Civ. R. 56(C) or 56(E).[4]
 {¶ 11} Civ. R. 56(C) provides, in relevant part, "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 12} Civ. R. 56(E) permits other types of material, such as complaints and judgment entries, [5] and transcript excerpts from a separate action, [6] to be used to support or oppose a summary-judgment motion, but only if they are properly authenticated and referred to in a properly framed affidavit[7] Hodge's exhibits one, two, and three satisfied none of these criteria and could not be considered in support of his motion. Neither could the trial court have taken judicial notice of the Walker I entries.[8]
 {¶ 13} Hodge's exhibits four through eight, offered by counsel at the summary-judgment hearing, are not in the record certified for our review. These documents were not separately filed in the trial court or made attachments or exhibits to a Civ. R. 56(E) affidavit. We have no means of determining their content and whether they *Page 6 
demonstrated, as Hodge argued to the trial court, the absence of genuine issues of material fact entitling him to judgment as a matter of law.
 {¶ 14} We have previously upheld a trial court's denial of a motion for summary judgment where a deposition offered by the moving party in support of its motion for summary judgment had not been forwarded to the appellate court for review.[9] But here, the trial courtgranted the moving party's motion for summary judgment, presumably after reviewing the missing documents and concluding that they did not raise material factual disputes. The Ohio Supreme Court has instructed reviewing courts that we are to conduct a de novo review of the trial court's ruling on the motion, affording no deference to the trial court's determinations on the appropriateness of summary judgment.[10]
Since Walker contests the factual inferences to be drawn from these documents, we will not presume the regularity of the proceedings below.
 {¶ 15} We have also previously held that a trial court may consider evidence other than that listed in Civ. R. 56 when there is no objection to its use.[11] But we will not apply that doctrine where there was essentially no evidence before the trial court that complied with Civ. R. 56(C). Its application is not warranted where, despite his ill-chosen statements in his responsive memorandum that seemed to acknowledge his agreement with Hodge's "Statement of Facts * * * with * * * important exceptions," Walker persisted throughout in contesting the factual issues that Hodge attempted to support with his exhibits.
 {¶ 16} Since no evidentiary materials were properly introduced by either party to constitute an appropriate record under Civ. R. 56(C), and Hodge, the moving party, relied *Page 7 
only upon unsupported conclusions in his memorandum in support of the motion, Hodge failed to satisfy his initial burden, and the trial court erred in entering summary judgment.[12]
 Findings of Fact Are Incompatible with Summary Judgment {¶ 17} Moreover, even if we were to overlook the grave evidentiary problems presented in this record, Hodge would not be entitled to summary judgment where the trial court essentially tried the matter and entered findings of fact and conclusions of law.
 {¶ 18} Findings of fact and conclusions of law are authorized by Civ. R. 52, which begins with the admonition that the rule applies "[w]hen questions of fact are tried by the court * * *." "Because summary judgment assumes that genuine issues of material fact are not in dispute, findings of fact and conclusions of law, pursuant to Civ. R. 52, and summary judgment, pursuant to Civ. R. 56, are incompatible."[13]
 {¶ 19} When, as here, the trial court makes findings of fact in a case, the court has weighed the evidence and resolved issues of fact. Both actions are inconsistent with the mandate of Civ.R 56(C) because the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist.[14] Based upon our review of the trial court's entry, we conclude that the court erroneously weighed the evidence when it should have been determining whether triable issues of fact existed.
 Conclusion {¶ 20} Therefore, we sustain Walker's assignments of error, albeit for reasons completely unrelated to the arguments that Walker has advanced on appeal. The trial *Page 8 
court's entry of summary judgment is reversed, and this case must be remanded for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
HILDEBRANDT, P.J., CUNNINGHAM and DINKELACKER, JJ.
[1] See Polen v. Baker, 92 Ohio St.3d 563, 564-565, 2001-Ohio-1286,752 N.E.2d 258.
[2] See, also, Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Id. at 293, 1996-Ohio-107, 662 N.E.2d 264.
[4] See id. at 296, 1996-Ohio-107, 662 N.E.2d 264; see, also,Loukinas v. Roto-Rooter Servs. Co., 167 Ohio App.3d 559, 2006-Ohio-3172,855 N.E.2d 1272, ¶ 21; Kelly v. Coca-Cola Bottling Co., 1st Dist. No. C-030770, 2004-Ohio-3500, ¶ 31.
[5] See State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109, 579 N.E.2d 702 (complaints and judgment entries, unless submitted with an affidavit, do not comply with Civ. R. 56[C]).
[6] See State ex rel. The V Cos. v. Marshall, 81 Ohio St.3d 467,473-474, 1998-Ohio-329, 692 N.E.2d 198.
[7] See Loukinas v. Roto-Rooter Servs. Co. at ¶ 20.
[8] See Dombelek v. Adm., Bur. of Workers' Comp., 154 Ohio App.3d 338,2003-Ohio-5151, 797 N.E.2d 144.
[9] See, e.g., Witherby v. G.A. Avril Co. (June 30, 1994), 1st Dist. No. C-930493.
[10] See Polen v. Baker, 92 Ohio St.3d at 564-565, 2001-Ohio-1286,752 N.E.2d 258.
[11] See, e.g., Loukinas v. Roto-Rooter Servs. Co. at ¶ 22.
[12] See Kelly v. Coca-Cola Bottling Co. at ¶ 31.
[13] Ogle v. Kelly (1993), 90 Ohio App.3d 392, 395,629 N.E.2d 495.
[14] Fuller v. German Motor Sales, Inc. (1988), 51 Ohio App.3d 101,103, 554 N.E.2d 139. *Page 1